KENDRICK *v.* MOSS.

(*Jackson.*    April   11,   1900.)

1. ATTACHMENT BOND.  *Action on.*

An action on an attachment bond should not be entertained
against the sureties alone without joinder of their principal as
a defendant.  (*Post, pp. 380, 381.*)

2. SAME.  *Same.*

A party who prosecutes concurrently an action at law upon an
attachment bond against the principal obligor alone, and mo-
tions in equity against the principal obligor and his sureties
and also against the sureties alone, will be put to his election,
upon the Court's own motion, as to whether he will proceed at
law or in equity.  (*Post, pp. 376–380.*)

---

FROM    WEAKLEY.

---

Appeal from Chancery Court of Weakley County.
JOHN  S.  COOPER,  Ch.

LEECH  &  SAVAGE  for  Kendrick.

EWING  &  GARRETT  and  MAIDEN  &  LEWIS  for
Moss.

WILKES, J.  Kendrick & Runyon filed attach-
ment bills against Moss on the ground of fraud-
ulent conveyances.  Upon pleas in abatement the
attachments were dismissed and there was an or-

der of reference to ascertain the debt due from Moss to Kendrick & Runyon. The cause was appealed to this Court and affirmed, and there was procedendo to the Court below to proceed under the reference. The Clerk reported and his report was confirmed and judgment entered for $963.20 against defendant Moss. At the same term of the Court, July, 1899, Moss moved a reference as to damages sustained by suing out the attachment. A plea in abatement was filed and the matter taken under advisement to the next term. This motion was against the principals and sureties and on the attachment bonds.

At the same term a second motion was made against the sureties alone and upon the bond, and to this there was also the same plea in abatement. At the next term the Court overruled the first motion and disallowed it on the ground that Moss had previously, in April, 1896, sued complainants, who were the principals, in a Court of Law in Montgomery County, for the same cause of action, and this he held was a waiver of any right to proceed against the principals and sureties jointly in the Chancery Court of Weakley County. He sustained the second motion, however, which was against the sureties alone, upon the ground that they had not been joined in the action at law in Montgomery County, and the motion could be sustained as to them in Weakley County. Both parties have appealed.

Kendrick *v.* Moss.

It appears that Moss did commence an action at law against Kendrick & Runyon, the principals, in April, 1896, in a Law Court of Montgomery County, one count in the declaration being on the facts of the case and the other on the bond, and it was in that case agreed by counsel that the bonds filed in the Chancery Court of Weakley County might be considered and treated as filed in that Court without being actually produced or withdrawn from the Weakley County Chancery Court, and the production of the original bonds was waived.

The two actions were thus pending at the same time. Defendants to the motions insist that the bringing of the suit at law in Montgomery County was an abandonment of the motions as to all parties in Weakley County, while Moss insists that he has a right to prosecute both actions at the same time, and this presents the only contention of the parties now before this Court. The argument is that an action could be maintained in Montgomery County in the Law Court for damages without producing the bonds or using them, and that, in fact, they were never withdrawn from the Chancery Court of Weakley County. It is also said that the defendants' proper remedy, if they deemed the suits to be for the same matter, was to move for an election, which remedy would be pursued, and this was not done, and that as to the sureties, such

Kendrick *v.* Moss.

question did not arise, as they were not joined in the action at law; that the obligation on the bonds was both joint and several and the sureties might be proceeded against alone without joining the principal, conceding, however, that only one satisfaction could be had.

For the sureties it is insisted that after the commencement of the action at law against the principals in Montgomery County, no motion could be sustained against the sureties, and inasmuch as the Chancellor held that the motion against the principal could not be maintained, therefore the motion against the sureties must fail also.

We think it very evident that there can be but one satisfaction in the case, and if judgment is rendered against the principal alone or principal and sureties jointly, and such judgment is paid, that will end the liability of all parties, principal and sureties. Such might not be the case where the action is against the sureties alone, as the principal's liability on the facts may be greater than the liability of the sureties on the bond. Certainly the better practice would be, in cases like the present, to require the party proceeded against to elect between the remedies and jurisdictions, and it is held that the Court may, upon its own motion, require such election.

But such was not the action of the Court or parties in this cause. The parties were not put to an election and did not elect in fact, but

the first motion was denied because of the institution of the action at law merely. It was held in a case in Maryland that when two Courts have jurisdiction of the subject-matter plaintiff ought not to proceed in both. It was also held that if he did so, and both were Law Courts, the first suit might be pleaded in abatement of the second, but if either is in equity the plaintiff would be compelled to elect. *Bradford* v. *Williams,* 2 Md. Ch., 5.

Without holding that such distinction exists in our practice in the two cases, it is sufficient to say that there was no motion made to require an election and no order of the Court directing it, yet the Court proceeded upon the idea that the pendency of the suit in Montgomery County was equivalent to an abatement of the proceeding in Weakley County as to the principal, and decreed accordingly, evidently treating the attachment bonds as withdrawn from the Chancery Court of Weakley County.

We are of opinion there is reversible error in the action of the Court below; that Mr. Moss should have been put to his election as to whether he would proceed in the Chancery Court of Weakley County or in the Law Court of Montgomery County. We are also of the opinion that there should be no separate actions at the same time, one against the principals and another against the sureties. While the obligation of the

Kendrick *v.* Moss.

principal and sureties is joint and several, still the liability of the sureties must, in its final analysis, depend upon the liability of the principals. It may occur, as a result of separate actions, that the principals may be adjudged not liable while the sureties may be so adjudged.

The decree of the Court below is reversed and the cause remanded to the Chancery Court of Weakley County for an election by defendant Moss as between his remedies and such further action as he may be advised. He will pay costs of appeal.