SEARS-ROEBUCK & CO. *v.* FINNEY.

(*Nashville,* December Term, 1935.)

Opinion filed January 11, 1936.

ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN and C. G. MORGAN, all of Memphis, for plaintiff in error.

W. G. CAVETT, of Memphis, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The company appeals from a compensation award to Finney as totally and permanently disabled by an accidental injury suffered in the course of his employment by the company. It is said both that there is no material evidence to support the finding and that the evidence preponderates against the finding, and in justification of the second of these assignments it is urged that, contrary to the practice, this court should review the case *de novo,* treating the act of 1929 (chapter 94, section 1) as controlling. That act is expressly limited by its terms to the Court of Appeals, and this court would not be justified in giving it the application suggested. Moreover, there runs through the Compensation Act of 1919 (chapter 123) an evident purpose to make the remedy simple, speedy, and inexpensive. To this end much discretion is vested in the trial court, and we think it consistent with this purpose that the scope of the review of the facts should be restricted on appeal, tending to discourage appeals, with their delays and expense to needy and distressed litigants. A sound reason is thus suggested why the Legislature did not extend the *de novo* rule so as to cover this class of cases.

■ We find material evidence to support the finding of the trial judge. The petitioner, a young man, fell, during the noon lunch period, and struck his head so violently against an iron radiator that he was unconscious for some hours. He subsequently developed symptoms of epilepsy and grew progressively worse. We think the testimony indicates that his condition is incurable and that he is thereby totally disabled within the holdings of this court construing the term. *Key* v. *Briar Hill Collieries,* 167 Tenn., 229, 68 S. W. (2d), 115. There is testimony that no responsible house will employ an epileptic.

The determinative issue of fact presented is this: Petitioner says, and the trial court found, that his condition is the result of his fall. The company insists that his fall was occasioned by an attack of this disease; that he fell in a fit.

The trial court is supported by the testimony of petitioner as to how he happened to fall—the slipping from under him of the chair in which he was sitting in a leaning position reading a magazine. His testimony is clear and positive; and his positive testimony is that he had never before had any head injury, or shown any symptoms of this disease and had always been well and strong. In this he is sustained by his parents and four other witnesses who had known him well for many years. It appears from this testimony that about a month later he had his first attack.

The company introduced testimony that petitioner showed indications of epilepsy at the time of, and immediately following, his fall, and argues therefrom that the disease must have been of the idiopathic, as distin-

guished from the traumatic, type. But these facts were disputed, and the court quite apparently adopted the petitioner's contention.

The expert testimony was of itself inconclusive. The substance of it was that the form of epilepsy with which petitioner is afflicted may be traumatic and may have resulted from the fall and incidental brain injury. This is the contention of petitioner sustained by the finding. We have referred to the positive and strong evidence of petitioner's previous condition of health. We think that the testimony that petitioner had always before been well and strong and had given no indication of this or other brain disease, that he had this fall and suffered this head injury, rendering him unconscious for hours, that he thereafter developed the disease, and that expert medical opinion is that the injury may have been the cause, was material evidence to support the court's finding that petitioner's condition was brought about by this fall and injury.

When a well man, with no history suggestive of brain disease, suffers a severe head injury and later develops brain trouble, without other or intervening apparent cause, the lay mind reasonably connects the affliction with the injury; and, when expert medical testimony is adduced that such a result may follow from such an injury, the causal chain is essentially complete.

It is argued that this suit was barred by the one-year statutory provision in the Compensation Act (Code 1932, sec. 6874), but, while this defense was set up in the answer to the petition, the matter was not mentioned in the motion for a new trial, nor, indeed, do we find it mentioned in the assignments of errors in this court. The declaration had alleged that a petition had been filed

in November following the accidental injury in February, 1934; that a nonsuit was taken and the present action was begun in August, 1934. The petition had recited as an explanation of the taking of the nonsuit that desired witnesses were not present. The theory of the company appears to be that testimony on the trial failed to support this statement of the grounds for taking the nonsuit, and that therefore the case is within the qualifications recognized in some of the opinions of this court of the right to rely on Code, section 8572, when it appears that the first action had been concluded by the laches, negligences, and fault of the plaintiff. See *Reed* v. *Railroad Co.*, 136 Tenn., 499, 190 S. W., 458; *Moran* v. *Weinberger*, 149 Tenn., 537, 260 S. W., 966; *Anderson* v. *Bedford*, 4 Cold., 464. However, as already intimated, this issue is not before us. A rule of this court rigidly enforced requires that it shall affirmatively appear that errors complained of here shall have been brought to the attention of the trial court.

This court has applied this rule in civil and criminal cases. Citations are hardly called for, but in *Jacks* v. *Lumber Co.*, 125 Tenn., 123, at page 127, 140 S. W., 1066, 1067, it is said that: ''The trial courts cannot be put in error upon appeal upon questions of law or fact which have not been called to their attention.'' Denying a petition for *certiorari* to the Court of Civil Appeals, in *Bostick* v. *Thomas*, 137 Tenn., 99, 191 S. W., 968, because petitioner had failed to make a motion for a new trial, Mr. Justice LANSDEN said that ''everything which occurs in the progress of the trial and which must be preserved by bill of exceptions must be made the basis of a motion for new trial if complaint is made thereof upon appeal. *Louisville & N. Railroad Co.* v. *Ray*, 124 Tenn. [16], 28,

134 S. W., 858, Ann. Cas., 1912D, 910; *Jacks* v. *Lumber Co.*, 125 Tenn. [123], 127, 140 S. W., 1066."

And in *Woolworth Co.* v. *Connors*, 142 Tenn., 678, 687, 222 S. W., 1053, 1055, Mr. Justice McKinney said that "the reason for the rule . . . is to give the trial court an opportunity · to correct the error previously . made, and to avoid burdening the higher courts with the work of correcting errors which the trial court could have corrected." In *Louisville & N. Railroad Co.* v. *Ray*, 124 Tenn., 16, 28, 134 S. W., 858, 860 Ann. Cas. 1912D, 910, Mr. Justice Neil refers to the requirement of action by the trial court on motion for a new trial as "an indispensable prerequisite to the action of the Supreme Court" in review.

*Lindsay* v. *Allen*, 112 Tenn., 637, 82 S. W., 171, 176, was a chancery case. Referring to assignments of error based on the action of the chancellor in modifying the injunction and in increasing the penalty of the bond, this court said: "but no objection as to any of these matters was brought to the attention of the chancellor when he granted the special prayer for an appeal, and they were not included therein. Therefore they cannot be considered upon the present hearing."

In the compensation case of *Mullins* v. *Stave & Lumber Co.*, 155 Tenn., 132, 290 S. W., 975, 976, tried before the circuit judge, overruling assignments of error for failure to make a motion for a new trial, Mr. Justice McKinney restates the general rule in this plain and comprehensive language: "The trial court will not be put in error for matters not called to his attention, and which he was given no opportunity to correct."

It results that the judgment of the trial court is affirmed.