ATLAS POWDER COMPANY *v.* ELIZABETH LEISTER.

*(Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

·CAMPBELL & CAMPBELL, of Chattanooga, for plaintiff in error.

CRAWFORD BEAN, of Chattanooga, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

The Company appeals from a compensation award to Mrs. Leister for temporary disability which she suffered by an accidental injury in the course of her employment by the Company. The primary argument made here is that there is no material evidence to support the finding and that the evidence preponderates against the finding, and in justification of the second of these assignments it is urged that, contrary to the practice over a period of many years, this Court should review the case de novo, because of Code Section 10639.1, Supplemental Code of 1950, which in effect says that we "in all civil cases tried in a court of record, without the intervention of a jury, * * *" shall review the matter as is required of the Court of Appeals in Code Section 10622. This Code Section, 10622, prescribes the mode of review by the Court of Appeals of non-jury cases at law and non-jury cases in equity which were tried irregularly or not according to the forms of chancery. By this Code Section the Court of Appeals must determine whether or not in cases of the kind under consideration, the evidence preponderates against the judgment of the lower court. If the evidence does not preponderate against such judgment then it is the duty of the Court of Appeals to affirm. It necessarily follows that the appellant or the one appealing from the

judgment of the lower court has the burden of proof in the Court of Appeals of establishing that the evidence does preponderate against the decree or judgment of the lower court. Thus it is here argued under the Statute, Supplemental Code Section 10639.1, above referred to that we in compensation cases must so consider these cases.

Long ago this Court, speaking through the late Mr. Justice Chambliss, in the case of *Sears-Roebuck & Co.* v. *Finney,* 169 Tenn. 547, 89 S. W. (2d) 749, while discussing whether or not this Court should so consider compensation cases said:

"Moreover, there runs through the Compensation Act of 1919 (chapter 123) an evident purpose to make the remedy simple, speedy, and inexpensive. To this end much discretion is vested in the trial court, and we think it consistent with this purpose that the scope of the review of the facts should be restricted on appeal, tending to discourage appeals, with their delays and expense to needy and distressed litigants. A sound reason is thus suggested why the Legislature did not extend the de novo rule so as to cover this class of cases."

Section 6885 of the Code Supplement provides, in effect, that in cases arising under the Workmen's Compensation Law the Supreme Court may review the evidence only to the extent of ascertaining whether the fact findings of the Trial Judge are supported by any material evidence. Workmen's compensation cases, as provided by that section, must be heard by the Trial Judge without a jury and as other nonjury civil cases are heard in the Circuit Court.

Section 10639.1 first appeared in the Code Supplement enacted in 1950. It requires the Supreme Court to hear

and consider de novo issues of fact in all cases tried in a Court of record without the intervention of a jury. If the Supreme Court follows the directions of Code Section 6885 it may examine the evidence in workmen's compensation cases only to the extent of ascertaining whether there is substantial evidence to support the findings of the Trial Judge, but if the Supreme Court follows the requirements of Code Section 10639.1 it must consider the evidence de novo. Obviously, there is an apparent conflict between the two code sections in so far as they apply to the practice in the Supreme Court in a workmen's compensation case. So the question is as to which section should prevail in the hearing of such a case in the Supreme Court.

Section 27.1 of the Code Supplement provides that Section 13 of the 1932 Code "shall be applicable to this supplement to the code." Section 13 of the 1932 Code reads as follows:

"Conflicts. — If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article."

Code Section 10639.1 is carried under the chapter entitled "Practice of the Supreme Court". Code Section 6885 is carried under the chapter entitled "Workmen's Compensation Law". The subject matter with which we are here dealing is the practice to be followed in the Supreme Court in the hearing of a workmen's compensation case. Thus, our question grows out of the subject matter of that chapter under which Code Section 6885 is carried, rather than under the chapter dealing generally with the practice in the Supreme Court under which is carried Section 10639.1. It would seem to follow neces-

sarily under the mandate of Section 27.1 of the Code Supplement that in the consideration of a workmen's compensation case in the Supreme Court Code Section 6885 must prevail over any conflicting provision of Code Section 10639.1.

In enacting Code Section 6885 the Legislature was dealing specifically with the practice to be followed by the Supreme Court in the hearing of appeals in workmen's compensation cases. That was one of the subject matters of that section. In the enactment of Section 10639.1 it was dealing generally with the practice of the Supreme Court in cases heard by the Trial Judge without the intervention of a jury. That kind of a conflict existed between two sections of the 1932 Code in *Woodroof* v. *City of Nashville,* 183 Tenn. 483, 192 S. W. (2d) 1013. There the Court said, 183 Tenn. at page 487, 192 S. W. (2d) at page 1014, "Such being the situation, we think § 13 of the code (1932) is applicable". Section 13 of the 1932 Code is Section 27.1 of the Code Supplement. In *Woodroof* v. *City of Nashville,* supra, it was observed that the 1932 Code was "nothing but a comprehensive act of the General Assembly of 1931", 183 Tenn. at page 488, 192 S. W. (2d) at page 1015. So it is that the Code Supplement is nothing but a comprehensive act of the General Assembly of 1950. That is to say, the entire code supplement is one statute. In *Woodroof* v. *City of Nashville,* supra, it was held that a special provision of a statute controls a general provision in the same statute. In that connection it was noted in that case that

"Where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to af-

fect the more particular provision." 183 Tenn. at page 488, 192 S. W. (2d) at page 1015.

In enacting Code Section 6885 "the mind of the Legislature" was turned to the specific question of what practice the Supreme Court should follow in considering the evidence in a workmen's compensation case. On the other hand, the Legislature did not have the workmen's compensation case in mind, in so far as the statute discloses, in enacting Code Section 10639.1. It was simply dealing in a general manner with the practice to be followed in the Supreme Court in cases heard by the Trial Judge, without the intervention of a jury. Therefore, according to the Woodroof case, 10639.1 must yield to 6885 in a workmen's compensation case as to the practice to be followed in the Supreme Court.

*Woodroof* v. *City of Nashville,* supra, is determinative of the question involved, no matter from what angle that question is approached, and necessitates the conclusion that in workmen's compensation cases Code Section 6885 controls. Under that section the only question as to facts before the Supreme Court is whether there is material evidence to support the fact findings of the Trial Court.

As said at the outset the primary contention by the Company here is that the evidence does not support the finding of the trial judge and that it preponderates against such finding. It is very ably and earnestly insisted that the petitioner, Mrs. Leister. is so contradicted as that her testimony is incredible and should not be believed. Obviously if this fact is established then certain of her premises to establish her right to compensation would fall wherein her case would fail. This contradiction is brought forth by the very intelligent and energetic cross examination of the claimant while on the

stand. Among other things it was shown that some ten years prior to her testifying in this compensation case, and while she was a resident of the State of Maryland, she had come to Tennessee and filed in the very court which heard this compensation case a suit for divorce on the pauper's oath. She could not remember that Judge Ballard who tried this compensation case also tried her divorce case. Apparently she thought it was another Judge though the divorce decree showed it was tried before Judge Ballard. She did not remember anything about making the oath which is necessary for paupers and denied specifically that she testified at all in the divorce suit. As said above all these things were intelligently and energetically brought forth by very rigid cross examination. One reading the record is clearly of the view that as this went along the trial judge was very much in doubt as to whether or not he should believe this woman at all and yet as the proof unfolds toward the end of the record, and with the record showing the trial judge's very obvious close scrutiny of this claimant, he ends up by crediting this witness. We think that the question of the credibility of the witnesses is to be determined by the trial judge as does the hearing of their testimony by a jury and a trial judge. We see no reason why the well established rule in jury cases as to this question, that is, the question of credibility does not apply here. In *Ferguson* v. *State,* 138 Tenn. 106, 196 S. W. 140, 141, this Court said:

"We have said in numerous cases that the verdict of the jury determines the credibility of witnesses. This is necessarily so. We do not see the witnesses nor hear them testify, and mere discrepancies in their testimony must be deemed settled by the verdict of

the jury unless there is something to show that such discrepancies originated in willful falsehood.''

At the time this statement was made it was an old, old rule of this Court. It has been consistently followed since. We think that the rule thus stated is applicable to the witnesses in the instant case, a compensation case, heard by the trial judge alone.

For the reasons stated the decree of the trial court must be affirmed.