Irene Keefe, Administrator, *v.* Z. D. Atkins,
Commissioner, etc., *et al.*

James R. Evans, Administrator, *v.* Z. D. Atkins,
Commissioner, etc., *et al.*

(*Knoxville,* September Term, (May Session), 1955.)

Opinion filed December 9, 1955.

CRAWFORD BEAN, of Chattanooga, for plaintiffs in error.

JACK WILSON, Assistant Attorney General, for defendants in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

These cases were tried together in the Circuit Court of Hamilton County upon separate pleadings but present identical questions of law. The trial judge having ruled adversely to the contention of the respective plaintiffs the cases are here upon appeal with joint assignments of error.

The question involved is one of jurisdiction, that is whether the jurisdiction of the plaintiffs' suit is in Hamilton County or Davidson County.

For an accurate statement of the issues presented, and not in dispute, we quote from the defendants in error's brief:

"The plaintiffs, James R. Evans, Administrator and Irene Keefe, Administratrix, filed their separate suits in the Circuit Court of Hamilton County to recover for the wrongful deaths of Richard Kenneth Evans and John Otto Rolen, respectively. Named as defendants in each of the suits were Z. D. Atkins, Commissioner of Finance and Taxation, William G. Watkins, Chief Investigator for the Alcohol Tax Unit, Department of Finance and Taxation, Harry Lauderdale and Raymond Walker, agents for the Alcohol Tax Unit, and the Hartford Accident and Indemnity Company, surety on the bonds of the individual defendants.

"The Hartford Accident and Indemnity Company was served with process in Hamilton County, and the individual defendants were served with counterpart process in Davidson County. Each of the defendants filed a separate plea in abatement in each of the suits. It was the contention of the defendant, Hartford Accident and Indemnity Company, that the suits were suits against

public officers and their surety, and that under the provisions of Section 3950 of the Code, governing such suits, the venue was in Davidson County. It was the contention of the individual defendants that since the defendant, Hartford Accident and Indemnity Company, was improperly sued in Hamilton County, counterpart process issued to Davidson County, and there served upon them, was void and of no effect.

"The plaintiffs demurred to each of the pleas in abatement, it being their contention that under the provisions of Chapter 34, Public Acts of 1953, where, in actions for wrongful death, the parties reside in different counties of the State, the action may be brought in the county in which the cause of action arose, and that since the deaths occurred in Hamilton County, the venue was in Hamilton County.

"The Circuit Judge overruled the demurrers, sustained the pleas in abatement, and dismissed the suits.

"*The Pleadings*

"A. *The Declarations*

"In each of the declarations it is alleged that on the night of October 24, 1954, the two decedents, together with an unnamed companion, were operating an illicit still, manufacturing whiskey, a misdemeanor, on the Elder Mountain side of the Tennessee river. It is averred that the deceased, Evans, arrived at the still site by boat and landed. He was there met by the deceased, Rolen. The defendants, Harry Lauderdale and Raymond Walker, agents for the Alcohol Tax Unit, were hidden in the weeds near the river bank.

"It is then averred that the defendants, Lauderdale and Walker, ordered Evans and Rolen, the decedents, not to move. Whereupon Evans and Rolen attempted to flee and escape by getting into the boat. Plaintiffs

aver that the defendants, Lauderdale and Walker, then in a willful, wanton, malicious and unlawful manner began shooting at the two decedents, forcing them to jump into the Tennessee River; that the two defendants continued to fire at the two decedents resulting in their deaths by drowning.

"The defendant, Z. D. Atkins, was sued in his official capacity as Commissioner of Finance and Taxation, State of Tennessee, and the defendants, William G. Watkins, Harry Lauderdale, and Raymond Walker, were sued as agents of the Alcohol Tax Unit, Department of Finance and Taxation. It is averred that the acts of the individual defendants were done by virtue of the office of each of them and that they all acted within the scope of their authority. It is also averred that the defendant, Hartford Accident and Indemnity Company, is surety for the individual defendants on their respective bonds.

"Additional averments are that the defendants, Harry Lauderdale and Raymond Walker, were present on the river bank at the scene of the incident under an order from their codefendant and 'immediate chief,' William G. Watkins, and that the defendants, Watkins, Lauderdale, and Walker, were acting within the scope of their authority and with the knowledge of the defendant, Z. D. Atkins, Commissioner of Finance and Taxation, and that the acts were ratified and approved by the defendant Atkins.

"B. *Service of Process*

"Process was initially served on an agent of the defendant, Hartford Accident and Indemnity Company, in Hamilton County. Thereafter counterpart process was issued to Davidson County and, in due course, each of the individual defendants was served with such counterpart process in Davidson County.

"C.   *The Pleas in Abatement*

"1. *Plea of the Hartford Accident and Indemnity Company*

"In its plea in abatement the defendant, Hartford Accident and Indemnity Company, averred that it is a foreign corporation with its principal place of business at Hartford, Connecticut. That it is the type of fidelity or bonding company referred to in Sections 3945 to 3959 of the Code of Tennessee, and that under the provisions of Section 3950 of the Code of Tennessee, if it is sued in respect to any surety bond written by it, it can be sued only in the county in which such bond was made, or in the county in which the office is located in which such bond is filed or returnable, or in the county in which the principal in the bond resided when such bond was written.

"It is then averred that the bonds on which the plaintiffs' suits are predicated were made and written by its agent, at Nashville, in Davidson County, and that such bonds were required to be filed, and were filed, with appropriate officials of the State of Tennessee at Nashville, in Davidson County. It is further averred that the individual defendants covered by the bonds as principals were not residing in Hamilton County when such bonds were made and written and do not now reside in Hamilton County.

"It is alleged that because of the facts aforesaid the Company is not subject to suit in the courts of Hamilton County in respect to the matters set out in the plaintiffs' declarations.

"2. *Pleas of the Individual Defendants*

"The individual defendants, and each of them, filed separate pleas in abatement in which they alleged that the defendant, Hartford Accident and Indemnity Com-

pany, is not subject to suit in the courts of Hamilton County because of the facts set out in the plea in abatement filed by that Company and, further, that the plaintiffs' suits against the company were filed in the Circuit Court of Hamilton County for the purpose of enabling the plaintiffs to serve the individual defendants with counterpart process in Davidson County. It was averred that because the defendant, Hartford Accident and Indemnity Company, is not properly before the Court, the counterpart process served upon the individual defendants in Davidson County is void and of no effect.

"The pleas also contained averments that the defendant, Z. D. Atkins, is a legal resident of Gibson County with his official residence in Davidson County; that the defendant, William G. Watkins, is a legal resident of Humphreys County with his official residence and headquarters at Nashville; and that the defendants, Harry Lauderdale and Raymond Walker, are legal residents of Davidson County with their official residences at Nashville, in Davidson County.

"Finally, it was alleged that the individual defendants have been sued in their official capacities and because of alleged official acts, and that since the object of the suits is to recover against them and the surety on their official bonds, and for alleged official acts, the proper venue is in Davidson County, the county of their official residences.

"D. *The Demurrers to the Pleas in Abatement*

"The demurrers to the pleas in abatement averred that Sections 3945 to 3959 of the Code are not applicable in this cause but, on the contrary, the provisions of Chapter 34, Public Acts of 1953, are controlling."

The question of venue is determined by the nature of the action, and the pleadings show that the plaintiffs'

suits are against a surety on the bond of a public. official as distinguished from tort actions where a bonding company is not a necessary party defendant, although it may be a proper party to the action.

We think that Code Section 3950 of Williams' Code controls the case at bar. It reads as follows:

"Any surety company doing business under the provisions of this law may be sued in respect thereof in any court which has now, or hereafter may have, jurisdiction of actions or suits upon such recognizance, stipulation, bond, or undertaking in the county in which such recognizance, stipulation, bond, or undertaking was made or guaranteed, or in the county in which the principal office of such company is located; and, for the purposes of this law, such recognizance, stipulation, bond, or undertaking shall be treated as made or guaranteed in the county in which the office is located, to which it is returnable or in which it is filed, or in the county in which the principal in such recognizance, stipulation, bond, or undertaking resided when it was made or guaranteed."

The foregoing Section of the Code was construed by the Court of Appeals, Faw, Presiding Judge, in *Burns* v. *Duncan,* 23 Tenn. App. 374, 133 S. W. (2d) 1000, 1007, to which we will later make reference.

Now considering the said Section of the Code in the light of facts set forth in the plea in abatement, and admitted by the demurrer:

(1) The bonds in the case at bar were made in Davidson County.

(2) The principal office of the Hartford Accident and Indemnity Company is at Hartford, Connecticut.

(3) These bonds in question were required to be filed,

and in fact were filed, with appropriate officials of the State of Tennessee at Nashville, in Davidson County, Tennessee.

(4) The defendant, Z. D. Atkins, is a citizen of Gibson County, Tennessee, with his official residence at Nashville, Davidson County, Tennessee. None of the other individual defendants has ever been a resident of Hamilton County. When these individual bonds were made defendant Watkins resided in Humphreys County, with his official residence in Davidson County. The defendant Lauderdale resided and had his official residence in Davidson County, and the same is true as to Raymond Walker.

It thus clearly appears that the admitted facts fail to show venue in Hamilton County according to the statute in cases of this kind.

The question now before us was fully considered by the Court of Appeals in *Burns* v. *Duncan,* supra. In this case Burns, who was the Sheriff of Hamilton County, and a Deputy Sheriff of said county, and the National Surety Corporation, surety on the official bond, were sued in the Circuit Court of Davidson County by one, Duncan. The suit was for false imprisonment against the Sheriff and the surety on his official bond, and the wrongful act allegedly had occurred in Hamilton County. To this action the defendants plead in abatement, raising the question of venue. The trial judge overruled the plea and defendants appealed. The Court of Appeals held that the plea in abatement should have been sustained, holding that provisions of Williams' Code Section 3950 are mandatory and not merely permissive, citing 59 C. J., 1082, Section 635; 82 C. J. S., Statutes, Sec. 380, and many other authorities.

This Court concurred in the view expressed by

192

Judge Faw that, ''The obvious legislative intent, in the enactment of section 3950 of the Code, was, we think, to fix the venue of actions on the bonds thereby covered, *exclusively in the county where the bond 'was made'* (which was defined to be the county in which the office is located to which the bond is returnable or in which it is filed, or in which the principal in the bond resided when it was made).'' (Emphasis ours.) Speaking further on the question of public policy, it is said:

''As applicable to official bonds, Section 3950 tends strongly to promote a sound public policy. Public officers should be permitted to remain in their own counties and discharge their duties to the public, instead of being called to distant counties of the State to defend actions brought against them and their surety for defaults on their official bonds. If it was not the legislative intent of Section 3950 to localize such actions in the county wherein the bond 'was made', we can see no purpose in its enactment. As said by Mr. Justice Cardozo, in Matter of Rouss, 221 N. Y. 81, 91, 116 N. E. 782, 785: 'consequences cannot alter statutes, but may help to fix their meaning.' ''

It is our well considered opinion that the liability of a surety, as in the instant case, on an official bond depends upon the liability of the principal, and separate action may not be maintained against the surety. *Kendrick* v. *Moss,* 104 Tenn. 376, 58 S. W. 127, and *Burns* v. *Duncan,* supra.

The appellants strongly rely on Chapter 34, Public Acts of 1953, which provides in substance that in all tort actions, including actions for wrongful death, where the parties reside in different counties of the State, the action may be brought in the county in which

the cause of action arose. They also rely upon *Dowlen* v. *Fitch,* 196 Tenn. 206, 264 S. W. (2d) 824, 266 S. W. (2d) 357, 41 A. L. R. (2d) 791, and *Parker* v. *Reddick,* 196 Tenn. 472, 268 S. W. (2d) 357. But we are in full accord with the defendants' view "that these cases are not applicable here because neither case was concerned with both a general statutory provision and a special statutory provision as is true in the cases now before us."

It seems clear that Chapter 34, Public Acts of 1953, is a *general* provision relating to venue, while Section 3950 of the Code is a *special* provision relating to venue in certain types of cases, such as suits on official bonds, etc. Our view of this question is fortified by the following provision of the Williams' Code, Section 13; Section 1-303, Tennessee Code Annotated:

"If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article."

In further support of the above rule of statutory construction, it is said in *Commercial Standard Ins. Co.* v. *Hixson,* 175 Tenn. 239, 243-244, 133 S. W. (2d) 493, 495:

"It is a rule of statutory construction that where there are two provisions, one of which is special and particular and certainly includes the matter in question, and the other general, which if standing alone would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general provision, especially when the general and special provision are contemporaneous, as the legislature is not to be presumed to have intended a

conflict. Hayes v. Arrington, 108 Tenn. 494, 499, 68 S. W. 44; State ex rel. v. Safley, 172 Tenn. 385, 112 S. W. (2d) 831.''

To the same effect is the holding in *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S. W. (2d) 1013, opinion by Green, C. J.; also *Atlas Powder Co. v. Leister,* 197 Tenn. 491, 274 S. W. (2d) 364.

In considering the foregoing authorities we think it is clear that the Legislature in enacting Chapter 34, Acts of 1953, had in mind a general provision relating to venue in tort cases and did not intend to repeal or modify any special statutory provisions relating to venue in particular types of cases, such as we have dealt with in the case at bar.

The judgment of the trial court in each of these cases is affirmed.