Beverly O'NEAL, Appellant,

v.

DeKALB COUNTY, Tennessee, et al., Appellees.

Supreme Court of Tennessee.

Dec. 15, 1975.

Richard H. Winningham, Chattanooga, for appellant.

McAllen Foutch, Smithville, for appellees.

## OPINION

COOPER, Justice.

This is an action for false arrest, false imprisonment, battery, and outrageous conduct brought by plaintiff in the Circuit Court of Hamilton County. The case was heard on motions to dismiss filed by each defendant under rule 12.02 of the Tennessee Rules of Civil Procedure. The circuit court entered an order dismissing plaintiff's suit as to all defendants. Plaintiff appeals from that order.

Plaintiff's complaint alleges that on November 19, 1974, defendant Johnny Cripps, Deputy Sheriff of DeKalb County, arrested plaintiff, a resident of Hamilton County, in Hamilton County under an arrest warrant issued for another named party. The complaint further alleges that Deputy Cripps

acted under color of office and in the course and scope of his employment with defendant Creston Bain, Sheriff of DeKalb County, and that defendant Aetna Life and Casualty Insurance Company was at all times material to this case surety upon the personal bonds of defendants, Bain and Cripps, for any wrongs, injuries, loss, damages, acts, or omissions committed by Deputy Cripps.

■ The trial court sustained the defendant sheriff's motion to dismiss on the authority of Tennessee Code Annotated Section 8–832, which provides:

"No sheriff, whether elected or appointed, nor any surety on his bonds, shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by said sheriff, whether said deputy is acting by virtue of office, under color of office or otherwise."

The allegation of liability of the sheriff in this case, being predicated solely on acts of a deputy appointed by the sheriff, is without foundation in law and stands properly dismissed under the above statute.

■ In sustaining the motion to dismiss filed by defendant Aetna Life and Casualty Insurance Company, the trial court relied on Tennessee Code Annotated Section 56–1412. That section provides that an action against a surety company may be brought in the county in which the bond was made or guaranteed or in the county in which the principal office of the surety company is located. Section 56–1412 further provides that ". . . for the purposes of this chapter, . . . [the] bond . . . shall be treated as made or guaranteed in the county in which the office is located, to which it is returnable or in which it is filed; or in the county in which the principal in . . . [the] bond . . . resided when it was made or guaranteed." Aetna is a foreign corporation, having its principal office in Hartford, Connecticut. In *Burns v. Duncan*, 23 Tenn.App. 374, 133 S.W.2d 1000 (1939), the Court of Appeals held that

the venue provision of Section 56–1412 is mandatory and that venue in an action against a foreign corporation, as surety on a county official's bond, is "exclusively in the county where the bond 'was made'." In *Keefe v. Atkins*, 199 Tenn. 183, 285 S.W.2d 338 (1955), this court specifically approved the *Burns* holding. DeKalb County is the official residence of the principals on the bonds, Sheriff Bain and Deputy Cripps, it is the county in which the bonds were required to be filed and is the county in which the bonds were made. Venue of the action against Aetna then lies in DeKalb County and the trial court properly dismissed the action against Aetna.

The trial court sustained the motion to dismiss filed by defendant DeKalb County on the basis of the common-law rule that venue in actions against counties and municipalities lies exclusively in the county which is the situs of the defendant governmental entity. *See Nashville v. Webb*, 114 Tenn. 432, 85 S.W. 805 (1904). Plaintiff argues that this common-law rule has been changed by statute in Tennessee. Specifically, plaintiff insists that Tennessee Code Annotated Sections 8–833 and 20–401 support the proposition that venue in this action is properly in Hamilton County where the cause of action arose. Section 8–833 provides as follows:

"Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided that the deputy is, at the time of such occurrence, acting by virtue of, or under color of his office."

Section 20–401 provides in pertinent part as follows:

"In all civil actions of a transitory nature, *unless venue is otherwise expressly provided for*, the action may be brought in the county where the cause of action arose or in the county where defendant resides or is found. . . ." (Emphasis added.)

Plaintiff argues that since her complaint alleges a transitory cause of action (false arrest, false imprisonment, battery, and outrageous conduct) and since a specific venue provision is not included in section 8–833, the general venue provisions of section 20–401 allow this suit to be brought in Hamilton County where the cause of action arose.

We cannot accept this argument since the failure to include a specific venue provision in section 8–833 does not necessarily indicate a legislative intent to depart from the common-law rule that counties and municipalities may be sued only in the county of their situs regardless of the nature of the cause of action. Section 8–833 sanctions suits against counties for the misconduct of deputies represents a waiver of governmental immunity. *See* Tennessee Code Annotated Section 8–834. Thus, section 8–833 is analogous to the more comprehensive provisions of the Governmental Tort Liability Act, Tennessee Code Annotated Sections 23–3301 to 3331. In actions brought pursuant to that act, venue lies exclusively in the county which is the situs of the defendant governmental entity. Tennessee Code Annotated Section 23–3320. This provision represents the legislature's specific adoption of the common-law rule of venue with respect to a county or a municipality. To accept plaintiff's argument would thus establish two separate venue rules applicable to actions brought against counties. In actions for the misconduct of deputies under section 8–833, the application of the general venue provisions of section 20–401 would allow proper venue in any county in which the cause of action arises or where defendant resides or is found. On the other hand, in actions for negligence brought under the provisions of the Governmental Tort Liability Act, section 23–3320 would fix venue exclusively in the defendant county. We do not discern any significant distinction between the two types of actions which warrants the application of different rules of venue.

While we recognize that the rule localizing suits against a county is judicial rather than legislative in origin, the legislature has now adopted that rule in actions against a county from which the Governmental Tort Liability Act has removed the defense of governmental immunity. Accordingly, we are constrained to avoid a construction of Tennessee Code Annotated Section 8–833, itself a limited revocation of governmental immunity, which would result in the application of inconsistent rules of venue in actions brought against a county. We hold therefore that in suits against a county for the misconduct of deputies under Tennessee Code Annotated Section 8–833 the common-law rule applies to fix venue exclusively in the situs of the defendant county. We therefore affirm the trial court's dismissal as to defendant DeKalb County on the ground of improper venue.

Finally, in sustaining defendant Deputy Cripp's motion to dismiss, the trial court relied on the provision of Tennessee Code Annotated Section 6–640 requiring counties to provide defense counsel and to indemnify a sheriff or deputy from any judgment rendered against him in a suit for damages arising out of the performance of his official duties. This provision makes the county the real party in interest and the trial court reasoned that the action against defendant Cripps was thus localized and could be brought only in DeKalb County where Cripps is employed as a deputy sheriff. We agree. *See Keefe v. Atkins*, 199 Tenn. 183, 285 S.W.2d 338 (1955); *Burns v. Duncan*, 23 Tenn.App. 374, 133 S.W.2d 1000 (1939).

Judgment affirmed. Costs are adjudged against the appellant, Beverly O'Neal.

FONES, C. J., HENRY and HARBISON, JJ., and INMAN, Special Justice, concur.