## FISHER v. BALDRIDGE.

### (*Jackson.*   April 23, 1892.)

1. FORCIBLE ENTRY AND DETAINER.   *Two Justices may grant writs of certiorari and supersedeas in.*

   Two Justices of the Peace have authority to grant writs of *certiorari* and *supersedeas* for removal of a case of forcible entry and unlawful detainer from the Justice's to the Circuit Court, at any time within twenty days after the rendition of the Justice's judgment therein.

   Code construed: §§ 3842, 3843, 4093 (M. & V.); §§ 3126, 3127 (T. & S.).

   Cases cited and approved: Earl *v.* Rice, 10 Yer., 233; Vanleer *v.* Johnston, 8 Yer., 163.

2. REPEAL OF STATUTES.   *By implication not favored.*

   Repeals of statutes by implication are not favored.   Repugnancy between two statutes must be plain and unavoidable in order that the later repeal the earlier by implication.

   *Example:* The statutes permitted two Justices, within twenty days after the Justice's judgment, and Judges and Chancellors, at any time before execution of writ of possession, to grant writs of *certiorari* and *supersedeas* for removal of forcible entry and detainer cases from the Justice's to the Circuit Court.   An Act was passed requiring *Judges* to grant such writs within thirty days after the Justice's judgment.

   *Held:* This last Act did not repeal the statute permitting Justices to grant such writs within twenty days after judgment.

   Act construed: Acts 1869-70, Ch. 64.

   Case cited and approved: Frazier *v.* Railway Co., 88 Tenn., 138.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County.   JOHN R. BOND, J.

NEIL & DEASON for Fisher.

COOPER & HARWOOD for Baldridge.

LURTON, J. This action was for unlawful detainer. It was begun before a Magistrate. There was judgment for the plaintiff. The defendant applied for and obtained writs of *certiorari* and *supersedeas*, removing the case to the Circuit Court. Upon motion, the petition was dismissed, because granted by two Justices of the Peace. This was error. By Code (M. & V.), § 3843, "two Justices of the Peace may, within twenty days after judgment, grant a *certiorari* and *supersedeas* to remove the proceedings of a Justice of the Peace to the Circuit Court." By Code (M. & V.), § 4900, subsec. 8, power is, in general terms, conferred upon Justices. These provisions have been construed as extending to cases of forcible entry and unlawful detainer. *Earl v. Rice*, 10 Yer., 233.

The contention is, that, by the Act of 1869-70, Ch. 64, carried into the compilation of Milliken and Vertrees as § 4093, the power to grant writs of *certiorari* and *supersedeas* in cases of forcible entry or unlawful detainer is limited and confined to the Judges of the State. The section, supposed by implication to take from Justices of the Peace this power, reads as follows: "The proceedings in such actions may, within thirty days after the rendition of the judgment, be removed to the Circuit Court by writs of *certiorari* and *supersedeas*,

which it shall be the duty of the Judge to grant upon petition, if merits are sufficiently shown," etc. The argument is, that a Justice is not a Judge, and that, by this Act, none but a Judge may grant such writ. This does not necessarily follow.

By the Code, as it stood before this amendment in 1869, either party might take such a cause into the Circuit Court upon writ of *certiorari, at any time before the writ of possession was executed.* Code (T. & S.), § 3362.

But Justices of the Peace could not grant such writ unless application was made within twenty days after judgment. If a longer time had elapsed, the application was to be made to a Judge who, by the Code, could grant the writ in any civil case other than one of forcible entry or unlawful detainer at any time, and in the excepted class at any time before actual execution of the writ of possession. Code (T. & S.), § 3842.

The amendment *limits* the power of the Judge in granting such writ to a time within thirty days after judgment. It has no necessary effect upon the authority of two Justices to grant the writ if applied for within the shorter time permitted by the section of the Code relating to the power of Justices.

The jurisdiction of Justices in this regard is not necessarily affected by the amendment. Repeals by implication are not favored. The repugnancy between two Acts must be plain and una-

voidable to justify a repeal by implication. *Railroad* v. *Frazier*, 88 Tenn., 138, and cases cited.

The inconveniences and hardships resulting from the hasty execution of writs of possession on Justices' judgments in this class of cases, and the inconvenience of reaching a Judge within the time required before issuance of such writs, led to the granting of power to Justices to grant writs of *certiorari* and *supersedeas*. *Vanleer* v. *Johnston*, 8 Yer., 163.

While some of these inconveniences have been in part removed by improved facilities for rapid travel and by the increase in the number of Judges and Chancellors, yet many of them remain, and some of the hardships resulting from the speedy dispossession of an occupant have been increased by the late legislation permitting issuance of writs of possession, notwithstanding an appeal has been granted from the judgment of the Justice in such causes.

A due consideration of these inconveniences, together with the fact that there is no necessary repugnancy between the amendatory Act and the Act conferring the power on Justices in such cases, leads us to reverse the judgment of the Circuit Judge, and remand the cause for trial upon the merits.