Spence OLIVER, d/b/a Albert Pick Motel, Plaintiff-Appellant,

v.

John K. KING, Commissioner of Revenue and William M. Leech, Attorney General for the State of Tennessee, Defendants-Appellees.

Supreme Court of Tennessee.

Feb. 2, 1981.

Rehearing Denied March 9, 1981.

Joe I. Majors, Knoxville, Walter H. Stephenson, II, Nashville, for plaintiff-appellant.

William M. Leech, Jr., Atty. Gen., Jim G. Creecy, Deputy Atty. Gen., Nashville, for defendants-appellees.

OPINION

FONES, Justice.

The issue that disposes of this case on appeal is whether imposition of both the tax for engaging in the business of selling alcoholic beverages at retail for consumption on the premises pursuant to T.C.A. § 57–157 [1] and the Retailers Sales Tax pursuant to T.C.A. § 67–3001 et seq. constitutes impermissible double taxation. The Chancellor held that even if double taxation on the same privilege was involved in this case, the Legislature had manifested the required intent to impose such double taxation and, therefore, both taxes were applicable to plaintiff. We affirm.

I.

Plaintiff, Spence Oliver, is the owner of the Albert Pick Motel located in Nashville, Tennessee. As part of his business, plaintiff sells alcoholic beverages for consumption on the premises. Pursuant to T.C.A.

1. Recodified as T.C.A. § 57–4–301.

§ 57–157(a),[2] plaintiff paid an annual privilege tax of $1,000 to the State. In addition, pursuant to T.C.A. § 57–157(b)[3], plaintiff paid a privilege tax of fifteen (15%) percent of the gross sales of the alcoholic beverages sold. Finally, pursuant to T.C.A. § 67–3001 *et seq.*, plaintiff also paid to the State the general sales tax of four and one-half (4½ %) percent of the gross proceeds derived from the sale of alcoholic beverages.

This suit was brought to recover the sales tax, said to be illegal because it imposed a tax on the same privilege as the liquor by the drink tax. Like the Chancellor, we entertain grave doubt that the two taxes can be said to be double taxation. The sales tax must be collected by the retailer from the consumer, "insofar as it can be done," [T.C.A. § 67–3020(d)], and it is a tax upon the privilege of "selling, using or consuming" tangible personal property. The liquor by the drink tax is a tax imposed expressly upon persons engaged in the business of selling alcoholic beverages for consumption on the premises.

■ However, assuming *arguendo* that double taxation is imposed by these two code sections, the law is well established that the Tennessee Constitution does not prohibit the Legislature from imposing double taxation on the same taxable privilege so long as it is plain the Legislature intended that result. *See Stalcup v. City of Gatlinburg*, 577 S.W.2d 439 (Tenn.1978); *E & L Transport Company v. Ellington*, 212 Tenn. 671, 371 S.W.2d 456 (1963).

■ T.C.A. § 67–3001 provides that the sales tax shall be imposed "in addition to *all* other privilege taxes." (Emphasis added.) T.C.A. § 67–3009 provides that the sales tax "shall be in addition to all other taxes, whether levied in the form of excise, license, or privilege taxes and shall be in addition to all other fees and taxes levied."

Plaintiff has advanced several arguments that seek to render inapplicable to the liquor tax enacted in 1967, the legislative intent expressed in 1947 that the sales tax shall be in addition to all other taxes.

Plaintiff relies on the caption to 1967 Public Acts, ch. 211, that reads, in part, "... An Act to amend Chapter 1 of Title 57 ... to regulate and control the sale of alcoholic beverages ... for consumption on the premises; to levy taxes and fees ...." Also, plaintiff calls attention to the language of T.C.A. § 57–157(b) that reads "In addition to the privilege taxes levied in (a) above, there is further levied a tax equal to the rate of fifteen percent of the sales price ...." Plaintiff argues that these legislative expressions evince an intent that the taxes imposed in Title 57, chapter 1 constitute a "complete scheme" of taxation on the privilege of engaging in the business of selling alcoholic beverages for consumption on the premises, to the exclusion of all other taxes.

■ We respectfully disagree. Legislative intent and purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire act or statute, without any forced or subtle construction to limit or expend the import of that language. *Worrall v. Kroger Company*, 545 S.W.2d 736 (Tenn.1977); *Metropolitan Government of Nashville and Davidson County v. Motel Systems, Inc.*, 525 S.W.2d 840 (Tenn.1975). Examined with that rule in mind, the legislative expressions in the liquor regulatory acts caption and taxing statutes, relied on by plaintiff, simply do not, either expressly or by implication have the force or effect ascribed to them by plaintiff—to wit, that they negate the express intent of the Legislature in the 1947 Sales Tax Act that it be in addition to all taxes, whether levied as excise, license, or privilege taxes, a clear authorization of the sales tax as a double tax.

Plaintiff further argues that T.C.A. § 57–157 is a *specific* tax on the privilege of selling alcoholic beverages for consumption on the premises and by implication was

2. Recodified as T.C.A. § 57–4–301(a) and (b)(1).

3. Recodified as T.C.A. § 57–4–301(c).

**154** ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬

intended by the Legislature to repeal the application of the previously enacted *general* sales tax as to those who engage in this particular privilege.

■ Repeals of statutes by implication are not favored and there must be an irreconcilable conflict or repugnancy between the latter statute and the earlier statute that is plain and unavoidable to work a suspension of an earlier statute. *See e. g. Reams v. Trostel Mechanical Industries, Inc.,* 522 S.W.2d 170 (Tenn.1975); *Zickler v. Union Bank and Trust Company,* 104 Tenn. 277, 57 S.W. 341 (1900); and *Fisher v. Baldridge,* 91 Tenn. 418, 19 S.W. 227 (1892).

We find no irreconcilable conflict between the sales tax act's declaration that it shall be levied in addition to all other privilege taxes and the tax levy or any language found in the 1967 Liquor Act. It is elementary that if the Legislature had intended that liquor consumed on the premises should be exempt from the general sales tax it could have expressly said so.

As this Court stated in *International Harvester Company v. Carr,* 225 Tenn. 244, 259–60, 466 S.W.2d 207, 214 (1971):

"While it is well settled that revenue statutes are to be liberally construed in favor of the taxpayer and strictly construed against the taxing authority, *Memphis Peabody Corp. v. MacFarland,* 211 Tenn. 384, 365 S.W.2d 40, it is equally clear that the plain import of the language of the act is to be given effect, *United Inter-Mountain Telephone Co. v. Moyers,* 221 Tenn. 246, 426 S.W.2d 177, and that the legislative intent to tax must not be thwarted by the strict construction rule. See *Tennessee Products & Chemical Corp. v. Dickinson,* 195 Tenn. 63, 256 S.W.2d 709."

The decree of the Chancery Court of Davidson County is affirmed. Costs are adjudged against appellant.

BROCK, C. J., and COOPER, HARBISON and DROWOTA, JJ., concur.

## ORDER

FONES, Justice.

The Petition to Rehear does not meet the requirements of Rule 39, T.R.A.P. and is denied.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.