IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

GENERAL OILS COMPANY,
Division of ASHLAND OIL, INC.,

    Plaintiff/Appellee.

VS.

CLAUDE RAMSEY, ASSESSOR OF
PROPERTY FOR HAMILTON
COUNTY, TENNESSEE and
TENNESSEE STATE BOARD OF
EQUALIZATION,

    Defendant/Appellants.

Davidson Chancery No. 93-358-III
C.A. No. 01A01-9504-CH-00153

Hon. Robert S. Brandt, Chancellor



**FILED**

**January 12, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

JERRY C. SHELTON, Lyell, Seaman & Shelton, Nashville,
Attorney For Defendant/Appellant Claude Ramsey, Assessor of Property for
Hamilton County, Tennessee.

CHARLES W. BURSON, Attorney General and Reporter
SEAN P. SCALLY, Assistant Attorney General
Attorneys For Defendant/Appellant Tennessee State Board of Equalization.

WILLIAM R. BUZO, Pro Hac Vice, Lexington, Kentucky,
H. BUCKLEY COLE, Baker, Donelson, Bearman & Caldwell, Nashville,
Attorneys for Plaintiff/Appellee.

*AFFIRMED*

Opinion Filed:

_____

TOMLIN, Sr. J.


    General Oils Company ("plaintiff") filed suit in the Chancery Court of

Davidson County against the Assessor of Property for Hamilton County ("Hamilton

County Assessor") and the Tennessee State Board of Equalization ("Board of

Equalization") seeking judicial review of the decision by the Assessment Appeals

Commission ("AAC") of the Board of Equalization that for tax assessment purposes

plaintiff's petroleum storage tanks located in Hamilton County were real property.

The chancellor reversed the AAC, holding that the tanks were personal property.

On appeal Hamilton County Assessor and Board of Equalization present one issue

for our consideration: Whether the trial court erred in holding that the storage tanks should be classified as personal property for tax assessment purposes.[1] For the reasons hereinafter stated, we find no error and affirm.

## I. Background

Plaintiff, a division of Ashland Oil Company, owns a "tank farm" on the banks of the Tennessee River in Hamilton County, consisting of eleven large above-ground petroleum storage tanks. The storage capacity of these tanks range in size from 1,650 to 80,000 barrels of petroleum products. They are not permanently attached to the realty, but instead stand freely on specially prepared beds of sand and gravel. They are connected to one another by a series of pipes that allow them to be filled and emptied. All of the tanks are moveable regardless of size or storage capacity. In 1989 plaintiff removed three smaller tanks from the farm and relocated a larger tank within the farm to comply with federal spacing requirements.

For the tax years 1989 to 1991 Ashland listed the storage tanks on their personal property tax returns filed with Hamilton County Assessor. For all three of these years Hamilton County Assessor reclassified and assessed the tanks as real property. Plaintiff appealed the Assessor's reclassification to the Board of Equalization, which held that the tanks should be classified as personal property. The AAC of the Board of Equalization reversed the Board's initial decision, holding that the tanks would be classified as real property. This suit followed.

---

[1]On appeal the Board of Equalization only challenges the lower court's action to the effect that tanks are automatically considered tangible personal property under T.C.A. § 67-5-903(f) for property tax purposes. Because the broader issue raised by Hamilton County Assessor in essence encompasses this secondary issue, we approach this case from the standpoint of Hamilton County Assessor.

2

On appeal conclusions of law by the trial court are subject to *de novo* review without a presumption of correctness. Presley v. Bennett, 860 S.W.2d 857, 859 (Tenn. 1993). We find in Article II § 28 of the Constitution of this state that three classes of property for taxation purposes are established: real property, tangible personal property, and intangible personal property. Tenn. Const. art. II § 28. Industrial and commercial property classified as real property is assessed at forty (40%) percent of its value, while property classified as tangible personal property is only assessed at thirty (30%) percent of its value. Id.

The Board of Equalization is authorized by the legislature of this state to promulgate rules for use by local tax assessors for the appraisal, classification, and assessment of property. T.C.A. § 4-3-5103 (1991); T.C.A. § 67-1-305 (1995). Prior to 1989 the Board of Equalization published unofficial guidelines that classified above ground storage tanks as personal property and below ground storage tanks as real property. In October 1988 the Board promulgated new rules designed to supersede these guidelines effective January 1, 1989. These new rules contained a depreciation schedule for the purpose of reporting commercial and industrial property which lists "tanks" along with several other items of tangible personal property. Effective January 1, 1991 the legislature codified the depreciation and reporting schedule found in the Board of Equalization rules, which included the Board's classification of "tanks" as tangible personal property. T.C.A. § 67-5-903(f) (1994). Section 67-5-903 reads in pertinent part as follows:

> Schedules—Property used for business, professions, manufacturing.—(a) All . . . corporations . . . shall be furnished by the assessor not later than February 1 of each year, a schedule requiring the taxpayer to list in detail all tangible personal property owned by the taxpayer and used or held for use in such business or profession including, but not limited to furniture, fixtures, machinery and equipment, all raw materials, supplies, but excluding all finished goods in the hands of the manufacturer and the inventories of merchandise held for sale or exchange, such schedule to be approved by the director of property assessments.

. . . .

(f) The schedule approved by the director of property assessments and supplied to taxpayers shall contain schedules reflecting the following rates of allowable depreciated cost for the listed categories of property, as well as spaces for general data on the particular taxpayer.

. . . .

GROUP 6—Billboards, <u>Tanks</u>, and Pipelines (16 yr. Life).

T.C.A. § 67-5-903 (1994) (emphasis added).

Irrespective of the above, Hamilton County Assessor contends that the chancellor erred in finding the storage tanks in question to be personal property. The Assessor argues that it is improper to follow the tangible personal property schedules set out in T.C.A. § 67-5-903(f) until there has been a determination that such tanks are not real property. The Assessor attempts to bolster his contention on the grounds that the legislature did not mandate that all tanks were deemed to be personal property irrespective of their size, weight, capacity, and other physical characteristics, and in light of this, this court must consider the statutory and Board of Equalization rules defining real and personal property, along with the common law, so as to determine the proper classification of these tanks.

The Tennessee Code provides the following definitions of real and personal property which are applicable to this case:

(2) <u>"Commercial and industrial tangible personal property"</u> includes personal property, such as goods, chattels, and other articles of value which are capable of manual or physical possession, and machinery and equipment which are:

(A) Used essentially and principally for the commercial or industrial purposes or processes for which they are intended; and
(B) If affixed or attached to real property, can be detached without material injury to such real property.

. . . .

4

(7)  "Personal property" includes every species and character of property which is not classified as real property.

. . . .

(9)  "Real property" includes lands, tenements, hereditaments, structures, improvements, movable property assessable under § 67-5-802, or machinery and equipment affixed to realty (except as otherwise provided for herein) and all rights thereto and interest therein, equitable as well as legal.

. . . .

(12)  "Tangible personal property" includes personal property such as goods, chattels, and other articles of value which are capable of manual or physical possession, and certain machinery and equipment, separate and apart from any real property, and the value of which is intrinsic to the article itself.

T.C.A. § 67-5-501(2), (7), (9), & (12) (1994) (emphasis added).

When engaging in statutory construction, this court must give the fullest possible effect to the intent of the legislature.  Westinghouse Electric Corp. v. King, 678 S.W.2d 19, 23 (Tenn. 1984), cert. denied, 470 U.S. 1075 (1985); Tennessee Manufactured Hous. Ass'n v. Metro Gov't, 798 S.W.2d 254, 257 (Tenn. App. 1990).  Courts must take statutes as they find them.  Watts v. Putnam County, 525 S.W.2d 488, 494 (Tenn. 1975).  In addition, the courts must construe statutes as a whole in light of their general purpose.  Oliver v. King, 612 S.W.2d 152, 153 (Tenn. 1981).  If the statutory language is clear and unambiguous and the enactment is within legislative competency, there is no need to look beyond the literal meaning of the statute.  Carson Creek Vacation Resorts, Inc. v. Department of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993).  Because this is a taxation statute, it must be construed liberally in favor of the taxpayer and strictly construed against the taxing authority.  Sky Transpo, Inc. v. City of Knoxville, 703 S.W.2d 126, 129 (Tenn. 1985).

Because the word "tanks" is not defined in the statutes involved, we must give it its plain, ordinary meaning.  "Tank" is defined as "a large, often metallic

5

container for holding or storing liquids or gases." The <u>American Heritage Dictionary</u> 1834 (3d ed. 1992). In our opinion plaintiff's petroleum storage tanks fall into the category of tanks on the tangible personal property depreciation schedule as set out in T.C.A. § 67-5-903(f).

Based upon the plain meaning of this code section, we are of the opinion that the legislature clearly and unambiguously intended to classify all tanks as tangible personal property. Tanks are listed on the tangible personal property depreciation schedule without any references to size, storage capacity, weight, or any other physical characteristics. In addition, we find that tanks are not real property as defined by T.C.A. § 67-5-501(9). The tanks here under consideration are not permanently attached to the realty, which is a key distinction between the legislature's definitions of real property and tangible personal property.

Even if the tanks were attached to the realty, in the definition of real property set forth in T.C.A. § 67-5-501(2) an exception is permitted: "except as otherwise provided for herein." The legislature has "otherwise provided" for tanks in T.C.A. § 67-5-903(f) Group 6, by listing tanks in the tangible personal property depreciation schedules.

Because it appears clear to us that the legislature intended for all tanks to be classified as tangible personal property, we need go no further. In our opinion the trial court committed no error in concluding that plaintiff's storage tanks should be classified as tangible personal property out of T.C.A. § 67-5-903(f).

Accordingly, the decree of the chancellor is affirmed. Costs of this cause on appeal are taxed one-half to Hamilton County Assessor and one-half to Board of Equalization, for which execution may issue if necessary.

6

_____

TOMLIN, Sr. J.

_____

CRAWFORD, P.J.                    (CONCURS)

_____

HIGHERS, J.                    (CONCURS)