# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 7, 2002 Session

## LAWRENCE COUNTY v. JERRY BREWER, ET AL.

**Appeal from the Circuit Court for Lawrence County**
**Nos. SW0042, 0075, 0252, & 0531, Robert Holloway, Judge**

_____

### No. M2001-00078-COA-R3-CV - Filed June 27, 2002

_____

This matter involves a dispute over payment of solid waste disposal fees, which the Lawrence County Commission attempted to charge the citizens of Lawrence County, and application of late payment penalties to these fees. Lawrence County filed complaints in order to collect overdue solid waste fees that the Commission allegedly enacted on May 25, 1999 by Resolution #11052599. The trial court determined that Resolution #11051599 did not impose any solid waste fees on the residents of Lawrence County and dismissed Plaintiff's complaints. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J. and JANE WHEATCRAFT, SP. J., joined.

William R. Willis, Jr. and Alfred H. Knight, Nashville, Tennessee, for the appellant, Lawrence County.

James M. Marshall, Columbia, Tennessee, for the appellee, Johnny Daniels.

## OPINION

### I. Factual History

The Lawrence County Commission (hereinafter "the Commission") passed several resolutions during 1999 in an attempt to impose a solid waste disposal fee system and late fee penalties on the residents of Lawrence County.

On May 25, 1999, the Commission heard an oral report from the chairman of the Utilities Commission. The oral report and discussion prior to the vote on May 25th involved primarily a presentation of recommendations and debate regarding the most fair and efficient way to charge residents for solid waste disposal i.e. tipping fee, increase in property tax, or a billing system. After

the presentation and some debate regarding what type of fee system to implement, the Commission voted and adopted Resolution #11052599 entitled "Resolution to Receive the Report of the Utilities Committee Regarding Implementation of a Utility Bill for the Disposal of Solid Waste." This Resolution provided as follows:

> WHEREAS, the Utilities Committee has met and deliberated regarding the need for implementing a utility bill for the disposal of solid waste within Lawrence County; and
> WHEREAS, the Utilities Committee is now ready to make a report and recommendation regarding the amount to be charged and the method of collection.
> NOW, THEREFORE, BE IT RESOLVED by the legislative body meeting in regular session this 25th day of May, 1999 that the report of the Utilities Committee be accepted and that the recommendations made by the Utilities Committee regarding implementation of a utility bill for the disposal of solid waste be adopted.
> This resolution shall take effect upon its adoption and approval.

A short written report was attached that read:

1. Committee recommends bills be collected at landfill and would like to ask for authority from full commission to create:
   A. Professional office with signs and counters and need office furniture and purchase of computers, wiring, and printers from Mario Moore.
2. Motion to place (2) employees at the landfield (sic) and any other help that is needed to make collection successful.
3. Motion to use EPSCO to include an information letter in first bill and approval of letter.
4. Request funds from Budget Committee for computers, office equipment, and postage.
5. Motion to create a Board of Appeals:
   A. Specific Rules
   B. Relief for Elderly
   C. Compensate the Board
6. Committee to give authority for homestead relief and relief for senior citizens, handicapped, and low income.

On July 1, 1999, bills went out to residents charging a $50.00 standard solid waste disposal fee.

On September 28, 1999, the Commission adopted Resolution #03092899 entitled "Resolution Adopting System for the Collection of Past Due Solid Waste Disposal Fees." This resolution set out a procedure for collecting past due solid waste disposal fees. Finally, on December 28, 1999, the Commission adopted Amended Resolution #07122899 entitled "Resolution Authorizing Monetary Penalties to be Added to Delinquent Solid Waste Disposal Accounts and

Ratifying Resolution #11052599." This Resolution (for the first time) set out a specific fee schedule for Lawrence County residents, supposedly adopted earlier by the May 25th Resolution and further expounded on penalties for unpaid fees. In doing so, the Commission purported to ratify the May 25th Resolution # 11052599, even though the Resolution never stated any specific fee amounts.

Plaintiff/Appellant, Lawrence County, filed complaints against citizens of Lawrence County beginning in March 2000 in an attempt to collect past due solid waste disposal fees and penalties. The trial court dismissed these complaints finding that the May 25th Resolution of the Lawrence County Commission did not show a 'clear intention to adopt and implement a solid waste disposal fee' and, thus, was ineffective as such an action.

## II. Issues Presented for Review

Petitioner framed the issues presented in this matter as follows:

I.       In implementing state-granted authority to impose solid waste disposal fees, does a County Commission impermissibly delegate its authority by authorizing its utilities committee to decide upon a reduced fee for economically disadvantaged citizens?
II.       Does a County Commission's action in permitting one of its committees to determine a special fee for disadvantaged citizens affect the validity of the standard fifty dollar ($50.00) annual fee, decided upon and adopted by the County Commission itself?
III.       Assuming that the standard fee adopted by the County Commission was originally ineffective on the above ground, did the Commission's subsequent ratification of the entire fee schedule render it effective?

However, the first and primary issue which we must determine is whether the May 25th Resolution #11052599 enacted a $50 solid waste disposal fee payable by the residents of Lawrence County. We find that it did not and that no such fee has ever been properly adopted by Lawrence County.

## III. Discussion

Although the face of the May 25th Resolution does not contain any fee amount to be imposed, Lawrence County argued that the May 25th Resolution imposed a $50.00 fee and that it did not have to contain the amount of the fee on its face to enact the $50 solid waste disposal fees. The County argued that Tennessee law is silent on formalities required for enacting and recording a resolution. Thus, no particular formality is required, and resolutions do not need to be in written form. Their argument went on to state that, since (1) the trial court found that the May resolution "showed an intention of the Lawrence County Commission to accept the report of the Utilities Committee and to adopt the recommendations made by the Utilities Committee regarding implementation of a utility

bill;" (2) a fee of $50 was recommended in the oral report of the Utilities Committee at the May 25[th] meeting; and (3) these oral recommendations were voted on and accepted by the Commission, thus, the May 25[th] Resolution adopted a solid waste disposal fee of $50 for all residents of Lawrence County. However, this argument is not well taken.

The entire record of the Lawrence County Commission relative to Resolution # 11052599 is a three page document in evidence as exhibit 4 and contains no evidence of a solid waste disposal fee. The first page of the exhibit indicates that on May 25, 1999, Barry Doss, representing the third district, moved to adopt Resolution # 11052599, which motion was seconded by Franklin Burns of the sixth district. It then indicates that the motion carried on a roll call vote of fourteen votes in the affirmative and four votes in the negative. The second page of exhibit four is the Resolution itself which is a one page document previously quoted herein with the notation, "REPORTS OF UTILITIES COMMITTEE ATTACHED" at the top of the page. The single resolving clause provides "that the report of the utilities committee be accepted and that the recommendations made by the utilities committee regarding implementation of a utility bill for the disposal of solid waste be adopted." The utilities committee report appears as the third page of the document and contains only the six recommendations previously set forth in this opinion. Nothing is said anywhere in the Resolution, or the Minutes relative to the Resolution, about the imposition of a specific solid waste disposal fee to be charged to the residents of Lawrence County.

The County attempted to remedy this deficiency by providing a tape recording of the discussion preceding the adoption of the Resolution. The cassette tape recording, which is in many places inaudible, provides little assistance. In its Memorandum Opinion of August 25, 2000 dismissing the case, the trial court observed:

Ascertaining the recommendations of the Utilities Committee requires this Court to look beyond the Resolution to the oral discussion which took place prior to the vote. The following is taken from the transcription of May 25, 1999, filed with Plaintiff's Post Trial Brief:

"(Unidentified speaker): Call the roll Mr. Chairman, where you're voting. Mr. Hill: These are the recommendations. Let me go through them one more time, and be sure that - Recommend that the bills be collected a[t] the landfill, authority to create an office at the landfill, and put the needed equipment in there, to include counters, furniture, computers, wiring, printers, to hire at lest two employees and any other help that is deemed to be needed to make collection successful, to include this letter - as an information letter as I've written, and I'm willing to let at any time, if anybody would like to come after this meeting and help me edit this letter, I'll do that. But basically this format on this letter, request funds for the budget committee for the expenses we're going to incur, to create a board of appeals, and I'd like some - Mr. Turner brought up a good point, that does this

-4-

committee want to have that as a board of appeals of commissioners, or private individuals? You know that's a legitimate question he brought up, and I'd like guidance from the Court, and I don't know - is it inappropriate to ask for a how of hands on that Mr. Chairman, or do we need to ...

(Unidentified speaker): I think under the circumstances -(inaudible) - or you can – (inaudible) – or they can delegate- (inaudible) -

(Unidentified speaker): Why don't we just whatever the committee at your next meeting decides, we'll abide by it. Unless anybody has any objections to that.

Mr. Hill: This is not anything that's got to be done this week, some of these other things we've got to address very quickly. We'll leave it as it is, and address it at the next meeting. To implement some - give us the authority to do the relief to the low income and senior citizens, and handicapped individuals, that you would give us the ability to adjust that rate. Those being the points that we would like for your consideration.

(Unidentified speaker): (Inaudible).

Mr. Hill: We will do that. Since it was not acted on that - on the calculation of the commercial needs, we may be -

(Unidentified speaker): I thought we did act on it.

Mr. Hill: Okay, okay. Yes, and that would include the fee of the $50.00 per year commercial fee would be by dumpsters at a rate to be determined by the committee, and the industrial rate would be $30.00 and something, is that correct? That would be the billing system that would be put into place. Does everyone understand it? Anything you'd like for me to go over again? I'll mail these back out to you tomorrow, when I get them typed up." (emphasis supplied)

The Court finds, after listening several times to the tape, that the "fee of the $50.00 per year" mentioned by Mr. Hill in the last paragraph quoted above is the fee for the residences. The language is however confusing as evidenced by the fact that the person who transcribed the tape for the Plaintiff failed to separate the above quoted language from the words "commercial fee" by punctuation.

Without the tape recording, the May 25, 1999 Resolution #11052599 undisputedly imposes no fees of any kind for solid waste collection. Applying the rule of strict construction in favor of the taxpayer pronounced in *Oliver v. King*, 612 S.W.2d 152 (Tenn. 1981); *Memphis v. Hill*, 208 S.W. 613 (Tenn. 1919); *South Fulton v. Parker*, 65 S.W.2d 853 (Tenn. Ct. App. 1932), the trial judge held that the often inaudible tape recording of the May 25 discussion and its transcription were insufficient to establish the implementation of any fees for solid waste collection. We agree with the trial court.

On December 28, 1999, by Amended Resolution # 07122899, the county attempted to remedy the problem by ratification of the May 25, 1999 Resolution # 11052599. In the third paragraph, this December 28 Resolution, speaking of the May 25th Resolution, stated:

WHEREAS, mandatory solid waste disposal fees *were imposed* on each head of household and on each owner of a commercial establishment in Lawrence County, according to the following schedule:

I.    Residences    $50.00 per year

    A.    Residents whose assets total less than $3,000.00 (single) or $6,000.00 (family)    $25.00 per year

    B.    Residents who qualify for property tax relief, due to low income    $25.00 per year

    C.    Unoccupied residences    exempt for current year only

II.    Churches, Volunteer Fire Departments, Community Clubs    $25.00 per year (if no dumpsters)

III.    Uninhabitable buildings, barns, grain bins    exempt

IV.    Commercial facilities and Churches which use dumpsters    See chart

| | Commercial Rates | |
|---|---|---|
| | Dumpster size | Charge |
| None | 1 | 11.50 |
| None | 2 | 17.00 |
| | | |
| 3YD | 1 | 13.00 |
| 3 YD | 2 | 26.00 |
| 3 YD | 3 | 39.00 |
| 3 YD | 4 | 52.00. |
| 3 YD | 5 | 65.00 |

|  | Commercial Rates (continued) | |
|---|---|---|
|  | Dumpster Size | Charge |
| 4 YD | 1 | 17.33 |
| 4 YD | 2 | 34.67 |
| 4 YD | 3 | 52.00 |
|  |  |  |
| 6 YD | 1 | 26.00 |
| 6 YD | 2 | 52.00 |
| 6 YD | 3 | 78.00 |
| 6 YD | 4 | 104.00 |
| 6 YD | 5 | 130.00 |
|  |  |  |
| 8 YD | 1 | 34.67 |
| 8 YD | 2 | 69.33 |
| 8 YD | 3 | 104.00 |
| 8 YD | 4 | 138.67 |

(emphasis added)

This entire "Whereas" is in error as, even with the assistance of the partially inaudible tape recording of the May 25, 1999 meeting regarding Resolution # 11052599, only the $50.00 residential fee is discussed.

The first section of the resolving clause of the December 28, 1999 Amended Resolution # 07122899 provides: "The previous Resolution adopted May 25, 1999 (Resolution # 11052599) is hereby ratified in all respects, along with the schedule of fees as set out above, being assessed against each head of household and business owner in Lawrence County, effective July 1, 1999." In its December 20, 2000 Memorandum overruling Plaintiff's motion for a new trial, the trial judge, in ruling on the question of ratification, held:

> Following the May 25 meeting, solid waste bills were mailed out to residences and businesses. According to the language of Resolution # 07122899, a

complete schedule of fees was enacted on May 25. Included in that schedule were the following fees for residences:

| | | |
|---|---|---|
| I. | Residences | $50.00 per year |
| | A. Residents whose assets total less than $3,000.00 (single) or $6,000.00 (family) | $25.00 per year |
| | B. Residents who qualify for property tax relief, due to low income | $25.00 per year |
| | C. Unoccupied residences | exempt for current year only |

The only component of the schedule of fees discussed prior to the vote, and arguably included by approval of an oral recommendation in Resolution # 11052599, was the Fifty Dollar ($50.00) per year residence.

The Court finds that the residence fee was more a flat Fifty Dollars ($50.00) per year. The residence fee also included three variations or exceptions to the Fifty Dollar ($50.00) per year base fee. These exceptions, as well as the other fees in the schedule, had not been established or recommended when the Lawrence County Commission voted on May 25, 1999.

. . . .

If Resolution # 11052599 did not enact the schedule of fees set forth in Resolution # 07122899, then there was nothing to ratify. As stated above, the language of Resolution # 11052599 did not enact fees. The oral discussion, which preceded Resolution # 11052599, included only one component of one of the fees resolution # 07122899 purported to ratif[y].

Immediately after the passage of Resolution # 11052599 bills were sent to Lawrence County residents and Lawrence County began imposing mandatory solid waste fees on July 1, 1999. The Plaintiff contends that the ratification of Resolution # 11052599 by Resolution # 07122899 had the effect of retroactively imposing the schedule of fees set forth in the resolution. In arguing retroactively, the Plaintiff ignores the fact that prior to enactment, Resolution # 07122899 was amended to be contingent upon approval of some board, which the Court assumes for this argument was the board which ratified the resolution on January 18, 2000. Following the Plaintiff's argument to its logical conclusion, then the ratification which occurred on January 18, 2000, retroactively imposed the fee schedule set forth in Resolution # 07122899 to May 25, 1999. These fees would have been due July 1, 1999, and would have been delinquent December 31, 1999, thereby causing substantial

penalties to be owed. The Court cannot possibly see how Resolution # 07122899 can retroactively impose fees which were delinquent and penalties which were due prior to the date Resolution # 07122899 became effective.

Again, we agree with the trial court.

The main problem with the Plaintiff's case is that the detailed schedule of fees set forth in the December 28 Amended Resolution # 07122899 should have been included in the text of the May 25 Resolution # 11052599 and that Resolution # 07122899, instead of properly enacting the detailed schedule of fees, merely purports to "ratify" them. Similar situations have been addressed by our supreme court for over one hundred years, and the law in this area is well settled.

> The facts found by the Court of Chancery Appeals are not only insufficient to establish the ratification of the action of the chairman by the quarterly court, but are also based upon incompetent evidence, heard over the objection of counsel for complainants. That court finds that the proceeding which it holds amounts to an approval and ratification of the action of the chairman in employing Mr. True and bringing the suit, entirely from parole evidence, and that no record whatever was made of the same. However formal and full those proceedings may have been, not having reached the minutes of the court, they do not constitute any valid action upon its part. Courts of record and legislative bodies – and quarterly courts partake somewhat of the nature of both, and in this particular matter of Robertson county was acting in its legislative capacity – speak only through their records. The law requires records to be made of their proceedings, and that they be singed. That a judgment or decree was pronounced, or an order made or a motion carried, if it be not spread upon the minutes of the court required to be kept for that purpose, avails nothing, and is as if no such proceeding was ever had. The action of a court or legislative body is not complete or effective for any purpose until the record evidencing it has been made and duly authenticated. The records of courts and legislative bodies are the sole witness of their proceedings, and they can only be proven by duly certified copies of such records. Parole evidence cannot be heard for this purpose. These are well-established rules, and every principle of public policy imperatively forbids any departure from them.

*State v. True*, 95 S.W. 1028, 1032 (Tenn. 1906); *see also Heard v. Elliott,* 92 S.W. 764 (Tenn. 1906)*; Baird v. Wilson County,* 371 S.W.2d 434 (Tenn. 1963). A taxpayer must be able to go to the written records of the legislative body and determine what action was taken. *Southern v. Beeler*, 195 S.W.2d 857, 871 (Tenn. 1946). Such was not the case in the May 25th Resolutuion. As the May 25, 1999 Resolution did not impose solid waste fees, the December 28 Amended Resolution cannot, by ratification, breathe life into it.

The judgment of the trial court is in all respects affirmed and costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE