COMMERCIAL STANDARD INS. CO. *v.* HIXSON, COUNTY COURT CLERK, *et al.*

(*Knoxville,* September Term, 1939.)

Opinion filed November 25, 1938.

WHITAKER & WHITAKER, of Chattanooga, for complainant.

ROY H. BEELER, Attorney-General, W. F. BARRY, and DUDLEY PORTER, JR., Assistant Attorneys-General, and THOS. S. MYERS and T. POPE SHEPHERD, both of Chattanooga, for defendants.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant is a Texas corporation, qualified to carry on a general insurance business in Tennessee, and, in addition to its general business, exercises the privi-

lege of guaranteeing titles to real estate in Hamilton County through the agency of Milligan-Senter Guaranty Title Company, a Tennessee corporation.

The tax imposed upon the business of insuring titles by Article 2, section 1, Item 105, Chapter 108, Public Acts of 1937, was exacted by the State and paid by complainant under protest. This action was commenced to recover from the State and to enjoin the county court clerk from collecting the tax for the county.

The insistence of complainant presented by the bill is that having paid the tax of two and a half per cent on its gross premium receipts imposed by Section 2, Item F, of Article 2 of the Act, it is not liable for the tax imposed for the privilege of insuring titles. A demurrer of defendants to the bill was sustained by the chancellor upon the conclusion that Item 105 is a special provision imposing a privilege tax upon those insuring titles to land, while Section 2, Item F, is a general provision applicable to all insurance companies, and that the special provision controls in determining the intention of the legislature.

The complainant appealed from the decree of the chancellor and insists that Item F of Section 2, imposing the tax on gross premium receipts and providing that it shall be paid in lieu of all other taxes, exempts it from liability for the tax imposed for guaranteeing titles.

The words "in lieu of all other taxes" as a general rule refer to additional taxes upon privileges assessable by counties and municipalities. Whether such words control in the construction of a taxing statute depends upon the intention expressed in the statute. The presumption is against the intention to levy double taxes, and in the absence of express words plainly in-

dicating a definite intent to the contrary, the same business is not to be taxed twice for the exercise of the same privilege. *Bell* v. *Watson*, 71 Tenn. (3 Lea), 328. Another rule of construction to be considered is that where there is doubt as to the meaning of a taxing statute, the doubt must be resolved in favor of the taxpayer.

In determining whether or not the legislature intended to levy a general privilege tax of two and a half per cent on gross premium receipts for the benefit of the State and also intended to levy a special privilege tax on the business of guaranteeing or insuring titles, the pertinent provisions of the Act must be referred to. Section 1 of article 2 provides:

"That the engaging in any vocation, occupation or business hereinafter named in this Act is hereby declared to be a privilege and the rate of tax on such privilege shall be as hereinafter fixed, which privilege tax shall be paid to the County Court Clerk, as provided by law for the collection of such revenue, unless otherwise hereinafter expressly provided."

Among the several occupations taxed under Section 1, article 2, are title guarantors, under Item 105, which reads: "Each person engaged in the business of guaranteeing or insuring titles . . . In cities of one hundred thousand inhabitants or over ............$350.00."

Section 2 of article 2 of the Act provides:

"That engaging in the various businesses mentioned in this section is hereby declared to be a privilege for State purposes and taxable by the State alone, and any person so engaged shall pay to the Commissioner of Finance and Taxation, unless otherwise provided, the tax herein stated. No county or municipality may impose any tax upon the privileges mentioned in this section."

Then follows Item F, headed "Insurance Companies," under which:

"Each foreign insurance company and each fidelity and surety corporation or company shall, as hereinafter designated, pay direct to the Commissioner of Insurance and Banking, the following taxes, which shall be in lieu of all other taxes except domestication fees and annual filing fees of corporations.

"Fire and all other insurance corporations or companies of other States and foreign countries, except life insurance corporations or companies, shall pay two and one-half per cent on gross premiums paid by or for policy holders residing in this State or on property in this State."

The tax of two and one-half per cent on gross premium receipts of insurance companies is expressly made for state purposes, taxable for the State alone and payable to the commissioner of finance and taxation. The special tax levied upon privileges by Section 1, article 2, is collectible by the county court clerk, and the counties are authorized to levy a like privilege by Section 1, article 1, paragraph (l), of the Act.

It appears from the foregoing provisions that the legislature intended to levy a tax upon the exercise of both privileges; that it intended by Item F to levy a state tax upon the privilege of doing a general insurance business, the tax to be determined by reference to gross premium receipts of each insurance company, and by Item 105 intended to levy a tax upon the special privilege of guaranteeing or insuring titles whether that privilege was exercised by a person, company or corporation specially organized for the business, or by an insurance company.

■ It is a rule of statutory construction that where there are two provisions, one of which is special and

particular and certainly includes the matter in question, and the other general, which if standing alone would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general provision, especially when the general and special provision are contemporaneous, as the legislature is not to be presumed to have intended a conflict. *Hayes* v. *Arrington,* 108 Tenn., 494, 499, 68 S .W., 44; *State ex rel.* v. *Safley,* 172 Tenn., 385, 112 S. W. (2d), 831.

The rule is otherwise expressed in *Board of Park Commissioners* v. *City,* 134 Tenn., 612, 185 S. W., 694, 698, as follows:

"Where there is a general provision applicable to a multitude of subjects, and also a provision . . . applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision."

 Item F is applicable to the general insurance business of the company and includes the several kinds of insurance that the company may write, while Item 105 is applicable alone to an exercise of the privilege of insuring or guaranteeing titles. The provision of Item F imposing a tax upon the privilege of engaging in a general insurance business for the benefit of the State and in lieu of all other taxes cannot be construed as exempting complainant from the special privilege tax imposed by Item 105 upon the business of insuring or guaranteeing titles. The two levies are not upon the exercise of the same privilege. One is upon the privilege

of doing a general insurance business throughout the State; the other is upon the privilege of carrying on the business of a title guarantor whether done by an individual, company or corporation organized for the single purpose of insuring titles, or upon a general insurance company exercising that privilege apart from its general business.

We find no error in the decree of the chancellor.

Affirmed.