The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Appellant,

v.

MOTEL SYSTEMS, INC., Appellee.

Supreme Court of Tennessee.

May 12, 1975.

Robert B. Eadie, Metropolitan Dept. of Law, Nashville, for appellant.

Hunter B. Short, Grissim & Short, Nashville, for appellee.

## OPINION

COOPER, Justice.

Motel Systems, Inc., filed this action in the Chancery Court of Davidson County seeking to recover $1,000.00 of the $2,000.00 in taxes paid to the Metropolitan Government of Nashville and Davidson County, Tennessee, for the privilege of selling at retail alcoholic beverages for consumption on premises located in the urban service district of Metro Nashville. Plaintiff alleged that the defendant had erroneously assessed and levied a $1,000.00 privilege tax as an urban service district and a $1,000.00 privilege tax as a general service district, though authorized to assess and levy only one such tax under the provisions of T.C.A. § 57–157.

The defendant admitted the factual allegations of the complaint, and took the position that T.C.A. § 57–157 granted it the right to levy and collect the privilege tax for each of its service districts.

The action was tried on the pleadings and a stipulation of the parties, which set out the opinion of the Attorney General of the State of Tennessee that defendant could levy only one privilege tax and also included a copy of the ordinances of the defendant assessing a privilege tax for each of its service districts.

The chancellor concluded that "the Defendant's assessment and tax of the plaintiff both as a general service district and as an urban service district under T.C.A. § 57–157 was erroneous in that said statute, at best being ambiguous, allows the said defendant to assess and tax only as a metropolitan service district or as a general service district and not as both, and, thus, the plaintiff is entitled to recover $1,000.00 of the two $1,000.00 amounts paid under said assessment. . . ." A decree was entered accordingly.

The Metropolitan Government of Nashville and Davidson County appealed, taking issue with the chancellor's construction of T.C.A. § 57–157.

T.C.A. § 57–157 provides as follows:

"57–117. Consumption on premises—Privilege taxes—Tax on retail sales.—It is hereby declared the legislative intent that every person is exercising a taxable privilege who engages in the business of selling at retail in this state alcoholic beverages for consumption on the premises. For the exercise of such privilege, *the following taxes are levied for state purposes* to be paid annually, to-wit:

"(a)... Hotel and Motel.... $1,000.00

&ast; &ast; &ast; &ast; &ast; &ast;

"*Each* county *or* municipality within which such privilege is exercised is authorized to levy and collect said privilege tax *separately*. Provided, however, that in any county where metropolitan government prevails, the urban service district shall constitute the county insofar as Section 57–152—57–164 is concerned." (emphasis supplied)

Defendant-Appellant insists that "if the legislature had intended [as found by the chancellor] that only the county or only the municipality where the taxable privilege is exercised be allowed to collect the tax it would not have used the word 'separately.' The legislature would have merely allowed the disjunctive 'or' to stand and denote that only one local government entity was to collect the privilege tax for serving mixed drinks." On the other hand the plaintiff-appellee contends that the language of the statute enables a county or a municipality to levy the privilege tax involved—but not both.

■ In support of their contentions, both the appellant and appellee cite the same general rules of statutory construction. Of course, the fundamental rule is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. *State ex rel. Rector v. Wilkes,* 222 Tenn. 384, 436 S.W.2d 425 (1968). This legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language. *Rector v. Wilkes, supra; Moto-Pep v. McGoldrick,* 202 Tenn. 119, 303 S.W.2d 326 (1957); *Rose v. Blewett,* 202 Tenn. 153, 303 S.W.2d 709 (1957).

■ When read in this manner, we find ourselves in agreement with the chancellor that the legislature intended that either a municipality or a county could assess a tax on the privilege of selling at retail alcoholic beverages for consumption on the premises. This construction is compatible with the use of the word "each" at the beginning of the paragraph and the use of the disjunctive term "or," which indicates to us an intent to limit the tax to one local governing body. The appearance of the word "separately" at the end of the sentence, while confusing, does not force a change in the meaning of the statute when considered in its entirety. In our opinion it merely emphasizes that the local tax, by whomever levied, is to be levied separately and additionally to the tax for state purposes referred to in the preceding paragraph of the statute. If otherwise, the use of the word "separately" does no more than create an ambiguity, which must be resolved against the appellant's taxing authority. *Memphis Peabody Corporation v. McFarland,* 211 Tenn. 384, 365 S.W.2d 40

(1963); *Commercial Standard Insurance Company v. Hixson,* 175 Tenn. 239, 133 S.W.2d 493 (1939). Further, in the absence of express words plainly indicating a definite intent to the contrary, there is the presumption that the legislature did not intend the same business to be taxed twice—or three times if we accept appellant's construction of the statute—for the exercise of the same privilege. *Commercial Standard Insurance Company v. Hixson, supra.*

All things considered, it is the opinion of this court, as it was of the chancellor, that the tax paid under protest in this case was erroneously collected and that the plaintiff-appellee is entitled to recover it with interest as provided by law.

The decree of the chancellor is affirmed. Costs incident to the appeal are adjudged against the defendant-appellant, Metropolitan Government of Nashville and Davidson County, Tennessee.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.