**NATIONAL GAS DISTRIBUTORS,
INC., Plaintiff/Appellee,**

v.

**STATE of Tennessee, and Dudley W.
Taylor, Commissioner of Revenue,
Defendant/Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 4, 1991.

Donald K. Vowell, Rainwater, Humble
and Vowell, Knoxville, for plaintiff/appel-
lee.

Charles W. Burson, Atty. Gen. & Report-
er, Charles L. Lewis, Deputy Atty. Gen.,
Pamela Bingham Broussard, Asst. Atty.
Gen., Nashville, for defendant/appellant.

## OPINION

O'BRIEN, Justice.

Plaintiff, National Gas Distributors, Inc.,
initiated this action against the State of
Tennessee and the Commissioner of Reve-
nue to recover taxes paid under protest
assessed in accordance with T.C.A.
§ 67–4–405(a)(2).

The plaintiff, a domestic corporation lo-
cated in Knoxville, Tennessee, is in the
business of selling and distributing pro-
pane gas to residential customers within a
50 to 75 mile radius of Knoxville who are
not served by natural gas pipelines. The
company receives the propane in a liquid
form by rail and distributes this liquid pro-
pane on its own trucks to its customers.
The propane is stored in liquid form under
pressure in tanks provided by the plaintiff
until, when utilized by the customer it is
transformed into a gaseous state for burn-
ing.

T.C.A. § 67–4–405(a)(2) provides in pertinent part that persons engaged in the business of distributing natural gas shall pay an amount equal to one and one-half percent (1.5%) of the gross receipts derived from intrastate business. In announcing judgment in this case the chancellor correctly held that the intent of the Legislature must be determined, and given effect. He based his judgment generally on the composition of propane gas as a component of and compared to natural gas. Both, in the court below, and in this Court, each of the parties have devoted the import of their argument in a similar vein. The plaintiff asserts that the plan and ordinary language of the statute taxes only that gas known by a lay person as "natural gas." The State argues that "natural gas" as used in the statute, includes all naturally occurring fuel gases constituting natural gas, and, among these, propane is a component.

We are of the opinion that the resolution of this matter does not depend on the composition of either natural gas as determined by the experts, or of propane, which they identified as an integral component of natural gas.

▋ In interpreting statutes the legislative intent must be determined from the plain language it contains, read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning. See *Metro. Government of Nashville, etc., v. Motel Systems, Inc.,* 525 S.W.2d 840, 841 (Tenn. 1975). Statutes levying taxes or duties on citizens will not be extended by implication beyond a clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically named or pointed out. Doubts as to the application of tax statutes will be resolved in favor of the citizen and tax statutes will be construed most strongly against the State. (Citations omitted). *Union Carbide Corp. v. Alexander,* 679 S.W.2d 938, 942 (Tenn.1984).

▋ T.C.A. § 67–4–405 was originally enacted as Chapter 108, Article 2, § 2, Item G, of the Public Acts of 1937. Although subsection (a)(2) was not contained in the original enactment, it is virtually impossible to believe that the Legislature was not aware of the existence of propane as a separate element of natural gas at the time. The plaintiff's expert witness, Mr. Walter Johnson, a chemical engineer with wide and extensive experience in the area of petroleum gases, testified that propane was discovered more than 2,000 years ago and the LP gas industry began commercially in this country about 1910. Sales figures for the year 1930 were somewhere around 30,000,000 gallons a year. We are satisfied that the legislative reference to "natural gas" in the statute was intended to mean natural gas transmitted and distributed through pipelines to the ultimate consumer. If any further assurance be needed to confirm this certainty, one needs only to look to T.C.A. § 67–4–708 which establishes classifications for the taxation of businesses, vocations and occupations according to their dominant business activity. By subsection (2)(E) of that statute the Legislature classified persons engaged in the business of selling "liquefied petroleum gas" subject to the tax imposed by T.C.A. § 67–4–705 for State purposes and "taxable by the State alone."

▋ In the absence of express words plainly indicating a definite intent to the contrary, there is the presumption that the Legislature did not intend the same business to be taxed twice for the exercise of the same privilege. See *Metro. Government v. Nashville, supra* at p. 842. Neither the Executive nor the Judicial Department may establish or exact a tax in contravention of the constitutional authority vested in the Legislature.

It is the opinion of this Court, as it was of the Chancellor, that the tax assessment in the sum of $11,689.00, paid under protest in this case, was erroneously collected and the plaintiff-appellee is entitled to recover.

The decree of the chancellor is affirmed. The case is remanded for such other and further proceedings as may be required.

The costs of this appeal are adjudged against the State.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.