IN THE COURT OF APPEALS OF TENNESSEE

# FILED

October 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF: | ) C/A NO. 03A01-9908-CR-00272 |
| | ) |
| MATTHEW LANCE POWELL, | ) |
| A Minor Child Under the Age | ) |
| of 18. | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| | ) KNOX COUNTY CRIMINAL COURT |
| | ) |
| | ) |
| | ) |
| | ) HONORABLE RICHARD E. |
| BAUMGARTNER, | |
| | ) JUDGE |

For Appellant                           For Appellee
  Matthew Lance Powell                     State of Tennessee

MARK E. STEPHENS                        PAUL G. SUMMERS
District Public Defender                    Attorney General and
Reporter
Sixth Judicial District                 Nashville, Tennessee
Knoxville, Tennessee

                                        MARK E. DAVIDSON
PAULA R. VOSS                           Assistant Attorney General
Assistant Public Defender               Nashville, Tennessee
Sixth Judicial District
Knoxville, Tennessee

# OPINION

REVERSED AND REMANDED                                    Susano, J.

This is an appeal from an order of the Knox County Criminal Court affirming the juvenile court's order committing 18-year-old Matthew Lance Powell ("Powell") to the custody of the Department of Children's Services for a determinate sentence, *i.e.*, to the child's 19th birthday.[1]  The sole issue on this appeal is whether Powell was properly committed under the terms of T.C.A. § 37-1-137, which provides, in pertinent part, as follows:

> If a juvenile offender is tried and adjudicated delinquent in juvenile court for the offense of first degree murder, second degree murder, aggravated rape, aggravated sexual battery, especially aggravated kidnapping, aggravated robbery, especially aggravated robbery, aggravated arson, attempt to commit first degree murder, or violations of § 39-17-417(b), (i) or (j), or has been previously

adjudicated delinquent in three (3) felony offenses arising out of separate criminal episodes at least one (1) of which has resulted in institutional commitment to the department of children's services, *or is within six (6) months of the child's eighteenth birthday at the time of the adjudication of the child's delinquency*, the commitment may be for a determinate period of time but in no event shall the length of the commitment be greater than the sentence for the adult convicted of the same crime, nor shall such commitment extend past the offender's nineteenth birthday.

T.C.A. § 37-1-137(a)(1)(B) (1996) (Emphasis added). Powell contends that the two violations of probation, which were the grounds for his determinate sentence, are not delinquent acts and, therefore, there was no "adjudication of...delinquency" by the juvenile court to warrant the imposition of a determinate commitment.

I.

Powell, born May 11, 1981, was first adjudicated delinquent by the Knox County Juvenile Court on June 6, 1995.

At that time, the court found that he had committed the delinquent acts of vandalism and burglary. The court placed Powell on probation. On January 25, 1996, he was again adjudicated delinquent for the offense of theft of property and for violating the rules of probation by committing that theft. Powell was placed on probation for these offenses. On December 16, 1997, Powell was adjudicated delinquent for simple possession of marijuana and theft of property and was again placed on probation. On October 28, 1998, Powell was adjudicated delinquent for violating the rules of probation by testing positive for marijuana. At that time, the juvenile court committed him to the custody of the Department of Children's Services; however, that commitment was suspended and Powell was once again placed on probation.

In January, 1999, two petitions were filed against Powell, alleging that he violated the rules of his probation. Copies of these petitions are attached to this opinion as appendices. The petitions alleged that he had violated the rules of probation by: 1) testing positive for marijuana after submitting to a random drug screen on January 7, 1999; and 2) failing to page a Home Base worker for curfew check on January 11, 1999, and January 12, 1999. Powell waived his right to counsel and pled true to these allegations. The juvenile court appointed counsel to represent him at the dispositional hearing. On April 7, 1999, a dispositional hearing occurred before a referee of the Knox County Juvenile Court. At that

time, the referee revoked the suspension of Powell's commitment to state custody, and committed him for a determinate sentence. The referee found "on proof beyond a reasonable doubt that said child is dependent and neglected and is delinquent and is in need of treatment and rehabilitation in that he violated the rules of his probation by testing positive for marijuana." Powell filed a motion for a hearing before the Juvenile Court Judge, which hearing was held on May 19, 1999. The Juvenile Court Judge confirmed the referee's order. Powell appealed the order of the juvenile court to the Knox County Criminal Court. At a hearing on June 24, 1999, that court affirmed the juvenile court's order of commitment. This appeal followed. Powell requested an expedited hearing, which we granted.

## II.

Our review of this non-jury case is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Rule 13(d), T.R.A.P. We must honor this presumption unless we find that the evidence preponderates against those findings. *Id.*; *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.

1993).

### III.

We view the language of T.C.A. § 371-137(a)(1)(B) under well-established rules of construction. Our role is to ascertain and, if possible, give effect to the legislative purpose or intent as expressed in the statute. *Worrall v. Kroger Co.,* 545 S.W.2d 736, 738 (Tenn. 1977). The legislative intent or purpose is to be derived from the natural and ordinary meaning of the language employed by the legislature when read in the context of the whole statute. *National Gas Distributors, Inc. v. State,* 804 S.W.2d 66, 67 (Tenn. 1991); *Austin v. Memphis Pub. Co.,* 655 S.W.2d 146, 148 (Tenn. 1983). "The language shall not be given any forced construction that extends or places limitations upon the import of that language." *James Cable Partners v. City of Jamestown,* 818 S.W.2d 338, 341 (Tenn.App. 1991). If a statute is unambiguous, we should limit our review to the words of the statute itself. *Tennessee Manufactured Hous. Ass'n v. Metro. Gov't of Nashville,* 798 S.W.2d 254, 257 (Tenn.App. 1990). We should presume that the legislature chose its words carefully, and should give to them their ordinary and usual meaning, *id.;* however, in deriving the intent of the legislature, we do not derive that intent " from single or special words in a sentence or section but from the statute taken as a whole." *James Cable Partners,* 818 S.W.2d at 342.

T.C.A. § 37-1-137(a)(1)(B) provides that a juvenile court may commit a child to the Department of Children's Services *for a determinate sentence* only under three circumstances: if the child commits one of the crimes specified in the statute; if the child has been previously adjudicated delinquent for three felony offenses; or if the child is within six months of his or her 18th birthday at the time of the "adjudication of the child's delinquency." The proof reflects, and the parties agree, that the first two circumstances do not apply to this case. Thus, our focus is on the third statutory ground for a determinate sentence.

At the time of the dispositional hearing, Powell was 17 years, 11 months old. The trial court concluded that Powell was eligible for a determinate sentence, because, so the court found, there had been an "adjudication of [his] delinquency" within six months of his 18th birthday. Powell contends that because a *violation of probation* is not a delinquent act as defined by the applicable statute, a child cannot be adjudicated delinquent for the purposes of T.C.A. § 37-1-137(a)(1)(B) on the basis of a violation of probation. The state counters that Powell, through his "guilty plea," admitted, at least by implication, that he had *possessed* a controlled substance. The state argues that since such an offense would be a criminal offense if committed by an adult, Powell's violation of probation constitutes a delinquent act

for the purposes of T.C.A. § 37-1-137(a)(1)(B).

To ascertain the meaning of the phrase "adjudication of the child's delinquency", we turn to the definitions provided by the legislature.  A "delinquent act" is defined in the statute as follows:

> an act designated a crime under the law, including local ordinances of this state, or of another state if the act occurred in that state, or under federal law, and the crime is not [an offense applicable only to a child] and the crime is not a traffic offense as defined in the traffic code of the state other than failing to stop when involved in an accident pursuant to § 55-10-101, driving while under the influence of an intoxicant or drug, vehicular homicide or any other traffic offense classified as a felony....

T.C.A. § 37-1-102(b)(9) (Supp. 1998).  The phrase "adjudication of delinquency" is defined as a finding by a juvenile court " beyond a reasonable doubt that a child has committed a delinquent act as defined in § 37-1-102, which is an act designated a crime under the law...."  T.C.A. § 37-5-103(2) (1996).

It is clear that the third eligibility prong of

T.C.A. § 37-1-137(a)(1)(B) requires a juvenile court to find beyond a reasonable doubt that a child committed a delinquent act as defined by T.C.A. § 37-1-102(b)(9).  We disagree with Powell's position, as we understand it, that an adjudication of a violation of probation is *never* sufficient to amount to an "adjudication of [a] child's delinquency."  *Whether an adjudication of a violation of probation is an adjudication of a  delinquent act depends on the basis for the violation.*  If the basis for the violation of probation is a delinquent act within the meaning of T.C.A. § 37-1-102(b)(9), i.e., a criminal offense, then the finding beyond a reasonable doubt that the child violated the rules of probation would necessarily be an adjudication that the child committed a delinquent act.  On the other hand, if the basis of the violation is not a delinquent act, i.e., not a criminal offense, then a finding that the child violated the rules of probation would not be a finding that the child committed a delinquent act.

In the two petitions in the instant case, it was alleged that Powell violated the rules of his probation by testing positive for marijuana and by failing to report for a curfew check.  Neither of these acts are criminal offenses and thus cannot be considered "delinquent acts."  The juvenile court focused on the petition charging that Powell tested positive for marijuana.  As to that charge, we believe it is clear that proof that an individual has tested positive for

marijuana, standing alone, does not establish all of the required elements of the crime of possession of marijuana. Such proof does not establish when and where the marijuana was possessed or how it was possessed or the other circumstances of the alleged possession. Hence, proof of Powell's positive test does not make out the crime of possession of marijuana.

Accordingly, we find and hold that the lower courts erred in committing Powell to state custody for a determinate sentence.

IV.

For the foregoing reasons, the judgment of the Knox County Criminal Court affirming the order of the Knox County Juvenile Court committing Matthew Lance Powell to the custody of the Department of Children's Services for a determinate sentence to age 19 is reversed.  This case is remanded for such additional proceedings as may be necessary, consistent with this opinion.  Costs on appeal are taxed to the appellee.

_____
Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M. Goddard, P.J.

_____
D. Michael Swiney, J.