IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2011 Session

# TYSON FOODS (RE: SANDRA GIBSON) v. TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT, WORKERS' COMPENSATION DIVISION

**Appeal from the Chancery Court for Davidson County**
**No. 101148-I & No. 101205-I     Claudia Bonnyman, Chancellor**

---

**No. M2010-02277-COA-R3-CV - Filed October 10, 2011**

---

Employer filed a petition for common law writ of certiorari to challenge the order of the Tennessee Department of Labor, issued pursuant to the Request for Assistance protocol, that it provide temporary disability and medical workers' compensation benefits. Upon the motion of the Department of Labor, the trial court dismissed the petition on two grounds: that the court lacked subject matter jurisdiction to review the Department's decision and that the employer possessed another adequate remedy at law under Tenn. Code Ann. § 50-6-238(b)(6). We affirm.

**Tenn. R. App. P 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Terry L. Hill and Michael L. Haynie, Nashville, Tennessee, for the appellant, Tyson Foods.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Joshua Davis Baker, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development, Workers' Compensation Division.

## OPINION

The genesis of this action was when a Tyson Foods employee, Sandra Gibson, filed a Request for Assistance with the Tennessee Department of Labor seeking temporary disability and medical benefits for an injury she claims to have suffered on the job at Tyson Foods. A workers' compensation specialist with the Department issued an Order requiring

Tyson to commence paying workers' compensation benefits to Ms. Gibson. Tyson Foods pursued an administrative appeal of the specialist's order. The Department affirmed the decision, following which Tyson Foods filed this petition for common law writ of certiorari seeking review and reversal of the Department's Order. In the petition, Tyson Foods claimed that: (1) *ex parte* communications between the workers' compensation specialist who issued the order and the employee's treating doctors was arbitrary, capricious, and illegal; (2) the Department acted arbitrarily and capriciously when it issued the order mandating that it provide temporary disability and medical benefits; and (3) its due process rights were violated because there is not an adequate appellate process for review of the Request for Assistance order.[1]

The Department filed a Tenn. R. Civ. P. 12.02 motion to dismiss the petition on the ground that the trial court lacked subject matter jurisdiction under Tennessee Code Annotated § 50-6-238 *et seq.*, the statutory scheme governing workers' compensation benefits. Following a hearing, the trial court granted the motion and dismissed the petition of Tyson Foods. The trial court determined that it lacked subject matter jurisdiction to review the decision of the Department under the common law writ of certiorari because the General Assembly had not specifically provided for an interlocutory review of a decision under the Request for Assistance protocol under the Uniform Administrative Procedures Act. The trial court also held that Tyson Foods had an adequate remedy at law under Tenn. Code Ann. § 50-6-238(b)(6); therefore, it was not entitled to review under a common law writ of certiorari. This appeal followed.

### STANDARD OF REVIEW

This appeal requires us to focus on two important standards of review. The first is the narrow standard of judicial review of petitions for common law writ of certiorari. *Powell v. Parole Eligibility Review Bd.,* 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). In this case, the scope of our review is limited to whether the Department exceeded its jurisdiction or acted "illegally, arbitrarily, or fraudulently." *Id*. (citing *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981)). This standard of review also includes an inquiry into whether the Department acted without material evidence to support its decision. *Lafferty v. City of Winchester*, 46 S.W.3d 752, 759 (Tenn. Ct. App. 2001). This standard of review, however, does not permit the courts to look to the intrinsic correctness of the administrative decision, but rather limits the review to the procedure by which the decision was reached. *Powell*, 879 S.W.2d at 873. Whether to grant or deny a petition for writ of certiorari is a matter of discretion; therefore, we review the trial court's decision to dismiss a petition for the common law writ of

---

[1] Tyson also filed a request for a stay of the Department's order to pay benefits; the trial court denied the stay following a hearing on October 5, 2010. The denial of the stay is not an issue on appeal.

certiorari under the abuse of discretion standard. *Boyce v. Williams*, 389 S.W.2d 272, 277 (Tenn. 1965).

The second relevant standard of review is that which pertains to the standard by which Tennessee courts are to assess a Tenn. R. Civ. P. 12.02 motion to dismiss. Our Supreme Court recently addressed Tennessee's standard of review concerning motions to dismiss and confirmed that the standard has not changed since the adoption of the Tennessee Rules of Civil Procedure in 1970.[2] *Webb v. Nashville Area Habitat for Humanity, Inc.*, No. M2009-01552-SC-R11CV, ___ S.W.3d ___, 2011 WL 2905584 (Tenn. July 21, 2011).

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)).

> In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007) (quoting *Trau–Med*, 71 S.W.3d at 696); *see Leach v. Taylor*, 124 S.W.3d 87, 92–93 (Tenn. 2004). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Brown*, 328 S.W.3d at 855; *Stein*, 945 S.W.2d at 716.

*Webb*, ___ S.W.3d ___, 2011 WL 2905584, at *2-3 (some internal citations omitted).

---

[2] In *Webb*, the Tennessee Supreme Court stated that the "plausibility" pleading standard set forth in the recent United States Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 173 L. Ed.2d 868 (2009), is not to be followed by Tennessee courts.

ANALYSIS

Tyson Foods contends the trial court erred in granting the motion to dismiss based on the determination that it lacked subject matter jurisdiction to review the Department's order. This was error, Tyson asserts, because the Request for Assistance statutory scheme violates its due process rights and does not provide an adequate remedy at law if it is later determined that the benefits were not owing. This is because the statutory scheme does not provide a means of obtaining reimbursement until after the employee reaches maximum medical recovery and at the expense of further litigation for which it will not be reimbursed.[3]

The Department of Labor's authority to order workers' compensation benefits is derived from Tennessee Code Annotated § 50-6-236. The Request for Assistance protocol, which is the focus of this appeal, was adopted in 2004 as part of the Workers' Compensation Reform Act and is set forth at Tennessee Code Annotated § 50-6-238. Under the statute, any party "may request the assistance of a workers' compensation specialist in the determination of whether temporary disability or medical benefits are appropriate by filing with the division a form prescribed for that purpose by the commissioner." Tenn. Code Ann. § 50-6-238(a)(1)(A). Once a request has been made by either party, a workers' compensation specialist is assigned to the case.[4] The specialist then obtains relevant medical records, written statements, and other information from the employee and employer, after which the specialist independently determines whether benefits are appropriate based upon the information provided.[5] Tenn. Code Ann. § 50-6-238(a)(5)-(6). If, in light of the available information, the specialist determines it is appropriate to order the payment of temporary disability benefits or that medical benefits be provided, the specialist may order the initiation,

---

[3]A recent article in the Tennessee Attorneys Memo noted that the ability of a trial court to review orders of the Department of Labor and Workforce Development's specialists prior to the exhaustion of the benefit review process was an "emerging issue." *See Trial courts explore how to review specialists' orders*, Tennessee Attorneys Memo, Vol. 36 No. 30, July 25, 2011, at 1-3. The article highlighted the various methods by which employers were attempting to gain trial court review prior to an exhaustion such as petitions for common law writ of certiorari, petitions for judicial review, and declaratory judgments regarding the constitutionality of Tenn. Code Ann. § 50-6-238(c). *Id*. The article noted that no appellate panel decision regarding this issue had been issued at the time of publication. *Id*.

[4]"With respect to the determination of whether to order the payment of temporary disability or medical benefits, a workers' compensation specialist shall not be an advocate for either party, but shall decide the issues solely on the basis of the information available to the specialist without favor or presumption for or against either party." Tenn. Code Ann. § 50-6-238(a)(1)(C).

[5]Documents and information typically submitted to the specialist are identified in a Department of Labor Rule, Tenn. Comp. R. & Regs. 0800-2-5-.05. In complex cases, the parties may engage in formal discovery pursuant to Tenn. Code Ann. § 50-6-236(i) and Tenn. Comp. R. & Regs. 0800-2-5-.06.

continuation, or reinstitution of the benefits by an employer or workers' compensation insurer.[6] Tenn. Code Ann. § 50-6-238(a)(2)-(3). If the employer or insurer is dissatisfied with the specialist's decision, it may seek administrative review by requesting an informal conference before the administrator or administrator's designee.[7] Tenn. Code Ann. § 50-6-238(d)(1)(B)(i).

An employer or insurer that paid benefits pursuant to an order may contest the compensability of the injury after the employee has reached maximum medical recovery, in which event "the court shall hear the issue de novo, and no presumption of correctness is given to any prior determination." Tenn. Code Ann. § 50-6-238(6)(c). If the court finds that the employee was not entitled to the benefits, "then the entity or person who paid the benefits shall be entitled to a refund of all amounts paid pursuant to a specialist's order or orders . . . [t]he refund shall be paid from the second injury fund . . . ." Tenn. Code Ann. § 50-6-238(b). However, in order to obtain judicial review of the issue of compensability of an injury, the employer or insurer must wait until there has been an exhaustion of the benefit review conference process. Tenn. Code Ann. § 50-6-225(a)(2)(A); *see also* Tenn. Code Ann. § 50-6-239(b) ("The parties to a dispute shall attend and participate in a benefit review conference that addresses all issues related to a final resolution of the matter *as a condition precedent* to filing a complaint with a court of competent jurisdiction, unless the benefit review conference process is otherwise exhausted pursuant to rules promulgated by the commissioner.") (emphasis added).[8] Pursuant to Tenn. Comp. R. & Regs. 0800-2-5-.09, the Benefit Review Process is deemed exhausted when one of the following occurs:

(a) Issuance of a Benefit Review Report which indicates an Order Denying Benefits based upon non-compensability of the claim has been issued by a

---

[6]The statute further provides that the specialist shall maintain a file, and upon request, the specialist shall provide the parties an opportunity to review "the information the specialist has in the department's file upon which the specialist may base a decision as to whether to order temporary disability or medical benefits, or both." Tenn. Code Ann. § 50-6-236(k); Tenn. Code Ann. § 50-6-238(a)(6)(B).

[7]A similar remedy is available to an employee who is dissatisfied with the specialist's order. Tenn. Code Ann. § 50-6-238(d)(1)(A).

[8]This important aspect of the workers' compensation statutory scheme is reiterated at Tenn. Code Ann. § 50-6-203(a)(1), which states "[n]o claim for compensation under this chapter shall be filed with a court having jurisdiction to hear workers' compensation matters, as provided in § 50-6-225, until the parties have exhausted the benefit review conference process provided by the division of workers' compensation."

Workers' Compensation Specialist, provided that:

> 1. if Administrative Review of the Specialist's Order Denying Benefits based upon a finding of non-compensability is not requested, the Benefit Review Report referenced in (1)(a) above will be issued fifteen (15) days after the issuance of the Order Denying Benefits;
>
> 2. if Administrative Review of the Specialist's Order Denying Benefits based upon a finding of non-compensability is requested, the Benefit Review Report referenced in (1)(a) above will be issued fifteen (15) days after issuance of an Order by the Administrator's Designee that upholds the Order Denying Benefits;
>
> 3. A Specialist's Order Denying Benefits on grounds other than compensability does not exhaust the Benefit Review Conference process.

> (b) Reaching a mediated settlement, as evidenced by a signed document executed by the proper parties and the Workers' Compensation Specialist;
>
> (c) Issuance of an impasse report signed and dated by a Workers' Compensation Specialist.
>
> (d) Conducting and completing mediation by private Rule 31 mediator, provided the Department has failed to conduct a BRC within 60 days of receipt of such a request, pursuant to Tenn. Code Ann. § 50-6-239(c);
>
> (e) Issuance of a written waiver signed by the Director of the Benefit Review Program or the Director's designee;

Tenn. Comp. R. & Regs. 0800-2-5-.09.

In dismissing Tyson Foods's petition for common law writ of certiorari, the trial court focused on two important components of the relevant statutory scheme. One pertains to an employer's right to obtain judicial review of a specialist's order requiring the employer to provide benefits during the Benefit Review Process. The other pertains to the employer's reimbursement remedy if it is subsequently determined that the employee was not entitled to the benefits paid or provided by the employer.

-6-

As for the right to judicial review of a specialist's order, the trial court correctly noted that the statutory scheme expressly provides a remedy under the UAPA for court review of an assessment of a penalty for noncompliance with the order to provide benefits without first exhausting the benefit review process, Tenn. Code Ann. § 50-6-238(d)(2)(A)(3); however, the statutes do not provide for judicial review under the UAPA of a specialist's order requiring an employer to pay temporary benefits. Also relevant is the fact that the statutory scheme expressly provides an employer with the right to a de novo trial to challenge the compensability of an injury; however, it is implicit in the statutory scheme that the employer must first exhaust the Benefit Review process. Tenn. Code Ann. § 50-6-238(6)(c).

The second important component of the Request for Assistance statutory scheme, as correctly noted by the trial court, is that it expressly provides a reimbursement remedy for an employer or insurer that paid temporary benefits pursuant to a specialist's order that was later deemed erroneous. The statute expressly states that an employer or insurer that paid benefits for a non-compensable injury may receive *a full refund* from the second injury fund.[9] Tenn. Code Ann. § 50-6-238(b)(6).

Legislative intent and the purpose of a statute can be determined by the plain and ordinary language used in the context of the entire statute. *Metro. Gov. of Nashville and Davidson County v. Motel Sys., Inc.*, 525 S.W.2d 840, 841 (Tenn. 1975). Having conducted a comprehensive review of the statutes governing the Request for Assistance protocol, we have concluded, as the trial court correctly concluded, that it was the General Assembly's intent to provide an employer and insurer with an immediate judicial remedy following a specialist's assessment of a penalty for noncompliance pursuant to Tenn. Code Ann. § 50-6-238(d)(2)(A)(3); however, the only immediate remedy following a specialist's order requiring the employer to provide temporary disability benefits and/or medical benefits is limited to an administrative appeal to the administrator or administrator's designee. Tenn. Code Ann. § 50-6-238(d)(1)(B)(i). As for the availability of judicial review of the administrative decisions, it is evident that the General Assembly intended to defer the employer's or insurer's right to judicial review until the Benefit Review Process had been exhausted.

---

[9]The State urges us to take note of a Workers' Compensation Panel decision, *Liberty Mutual Ins. Co. v. Warnock*, No. E2010-01453-WC-R3-WC, 2011 WL 2739450 (Tenn. Workers' Comp. Panel July 14, 2011), for authority that the appropriate procedure for challenging a pretrial administrative decision by a workers' compensation specialist is by filing a claim for workers' compensation benefits and not a petition for judicial review. However, this opinion was designated not for publication and therefore pursuant to Tenn. R. Sup. Ct. 4 may not be relied upon.

For the above reasons, the trial court correctly concluded that Tyson Foods's petition was premature because it had not exhausted its remedies under the Benefit Review Process and, therefore, we affirm the trial court's decision to dismiss the petition for common law writ of certiorari due to the lack of subject matter jurisdiction.

In dismissing the petition, the trial court also found that Tyson Foods had failed to state a common law writ of certiorari claim on the basis that its due process rights were violated. In *McCall v. National Health Corp.*, 100 S.W.3d 209 (Tenn. 2003), our Supreme Court rejected a similar argument under the previous workers' compensation statutory scheme. In *McCall*, an employer argued that allowing a trial court to initiate temporary benefits violated its due process rights because the employer had no recourse to obtain benefits wrongfully paid. *Id*. at 213. The Supreme Court rejected this argument stating "any due process argument fails because an employer does, in fact, have recourse should the court later determine that the claimant did not suffer a compensable injury." *Id*.

Under the current statute, Tyson Foods has the express right to receive a full refund from the second injury fund should the court determine, following a de novo trial, that the temporary benefits were paid for a non-compensable injury. Tenn. Code Ann. § 50-6-238(b). Therefore, as was the case in *McCall*, Tyson Foods failed to state a claim that its due process rights were violated.

### In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Tyson Foods.

_____
FRANK G. CLEMENT, JR., JUDGE