IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 11, 2014 Session

## EDDIE R. GATES v. ANDREW S. PERRY, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V11571    J. Michael Sharp, Judge**

_____

**No. E2013-01992-COA-R9-CV-FILED-MARCH 26, 2014**

_____

This interlocutory appeal concerns the issue of whether the requirement of obtaining new process or recommencing an action in general sessions court is triggered for purposes of Tenn. Code Ann. § 16-15-710 by the failure to return unserved the prior process within 60 days as required by Tenn. Code Ann. § 16-15-902. Eddie R. Gates ("Gates"), alleging damages sustained in an automobile accident, sued Andrew S. Perry ("Perry") in the General Sessions Court for Bradley County ("the General Sessions Court"). Gates' suit was dismissed. On Gates' appeal to the Circuit Court for Bradley County ("the Circuit Court"), Perry moved to dismiss, again alleging that the statute of limitations had run during the long gap between issuance and reissuance of process in the General Sessions Court action. The Circuit Court denied Perry's motion, holding that the time bar did not operate because process was not returned unserved and, therefore, the statute of limitations never ran. We granted permission for this interlocutory appeal. We reverse the Circuit Court.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

F. R. (Rick) Evans, Chattanooga, Tennessee, for the appellant, Andrew S. Perry.

Jimmy W. Bilbo and Brent J. McIntosh, Cleveland, Tennessee, for the appellee, Eddie R. Gates.

## OPINION

## Background

The parties agree on the relevant facts in this case. In February 2006, Gates sued Perry[1] in the General Sessions Court. Gates alleged damages resulting from personal injuries he sustained in a July 2005 automobile accident in Cleveland, Tennessee. Alias civil complaints/warrants were filed timely on the following dates: April 11, 2006; August 16, 2006; January 11, 2007; March 16, 2007; and, June 6, 2007. On January 2, 2008, an Order of Publication was entered and published timely in The Daily Post – Athenian on January 18, January 25, February 1, and, February 8, 2008. Another alias civil complaint/warrant was filed timely on January 4, 2008. This January 4, 2008 alias civil complaint/warrant never was returned. The final alias civil complaint/warrant was filed some 18 months later on July 13, 2009, and was served on July 17, 2009.

In March 2011, Perry filed a motion to dismiss in the General Sessions Court. Perry argued that the action was time barred by the applicable statute of limitations. The General Sessions Court granted Perry's motion to dismiss, finding that Gates had failed to apply for and obtain new process or recommence the action in the 18 month gap and that the statute of limitations had run.

Gates appealed to the Circuit Court. Perry filed a motion to dismiss. Gates filed a response, arguing that since the January 4, 2008 process never was returned, the requirements of the statute never were "triggered" and the time bar did not operate against him. Agreeing with Gates' position, the Circuit Court denied Perry's motion to dismiss. Perry then filed a second motion to dismiss, citing Tenn. Code Ann. § 16-15-902 and its requirement that process be served within 60 days of issuance. Gates again filed a response in opposition.

The Circuit Court entered an order denying Perry's second motion to dismiss, finding and holding, in part:

> In this case, the civil warrant was returned unserved several times with each return unserved being filed and the new process issued within nine (9) months from the previous return unserved, which is required by Tennessee law. The court finds that the process reissued on January 4, 2008 was outstanding at the time that new process was issued on July 13, 2009. The court finds that the process reissued on July 13, 2009 was served upon both defendants and the

---

[1]Krystal Elmore, also named as a defendant, has filed no brief in this appeal.

return was filed on July 17, 2009. Based upon this court's interpretation of T.C.A §16-15-710, the time bar as set out in the statute is not applicable in this case. T.C.A. §16-15-710 imposes two distinct time requirements for re-filing and/or renewal. The later requirement is that an action must be recommenced within one (1) year after the return of the initial process not served. The remaining time requirement applicable to the case at bar governs those actions in which process has been re-issued. In the case before the court, the plaintiff was required to apply for and obtain new process within nine (9) months from return unserved of the previous one. The court finds in this case that the plaintiff requested and obtained new process on January 4, 2008. The court finds a "return unserved" had not been filed on the January 4, 2008 civil warrant at the time that process was re-issued on July 13, 2009. Therefore, the triggering event starting the clock ticking on the applicable statute of limitations had not yet occurred. The court finds the triggering event to be the filing of the return unserved. Therefore, the time bar imposed by T.C.A. §16-15-710 does not operate against the plaintiff's cause of action as the defendant contends. Furthermore, this court has already made it's ruling concerning most of these issues as set out in it's prior order, and wishes to reiterate the findings of it's prior order and incorporate the same herein.

Ultimately, the court finds that this plaintiff did not sit idly by in an attempt to avoid the consequences of the running of the statute of limitations. The court finds that the plaintiff caused service to be timely reissued as provided for under the applicable law and rules. The court finds that under the plain reading of the applicable statutes and rules, and for the reasons set out above, that the defendant Perry's second motion to dismiss is respectfully denied. This is a final order.

The Circuit Court granted Perry's motion for interlocutory appeal. We subsequently granted permission to appeal pursuant to Tenn. R. App. P. 9.

**Discussion**

We granted the application for interlocutory appeal in this case to address the following issue: whether and to what extent the requirement of obtaining new process or recommencing the action in General Sessions Court was triggered for purposes of Tenn. Code Ann. § 16-15-710 by the failure to return unserved within 60 days, as required by Tenn. Code Ann. § 16-15-902, the Alias Civil Warrant issued by the General Sessions Court on January 4, 2008.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As the relevant facts are not in dispute, what is at issue on appeal are the Circuit Court's conclusions of law. This appeal involves questions about procedure in general sessions court. Therefore, we must look to the applicable statutes. Regarding commencement and limitation of actions, Tennessee law provides:

> The suing out of a warrant is the commencement of a civil action within the meaning of this title, whether it is served or not; but if the process is returned unserved, plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining new process from time to time, each new process to be obtained within nine (9) months from return unserved of the previous process, or plaintiff must recommence the action within one (1) year after the return of the initial process not served.

Tenn. Code Ann. § 16-15-710 (2009).

Regarding return of service, Tennessee law provides:

> (a) Any person serving the process from the general sessions court shall promptly and within the time during which the person is served must respond, make proof of service to the court and shall identify the person served and shall describe the manner of service.
>
> (b) Process shall be served within sixty (60) days of issuance.
>
> (c) When process is served by mail, the original warrant, writ or other papers shall be endorsed by manner of service. In addition, an affidavit of the person making service setting forth the personal compliance of this section and the return receipt shall be sent to and filed with the clerk of the court. The person making service in this manner shall endorse over the signature on the original warrant, writ or other papers the date of mailing a certified copy of the warrant, writ or other papers to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant or

-4-

any person designated by this section or by statute, service on the defendant is complete. If not, service by mail may be attempted or any other methods authorized by this section or by statute may be used.

Tenn. Code Ann. § 16-15-902 (2009).

Perry argues that Gates had nine months from the deadline for the service of the January 4, 2008 process–or nine months from March 4, 2008–to obtain issuance of new process. According to Perry, as this failed to occur, the statute of limitations on Gates' personal injuries claim expired as process was not issued again until July 13, 2009. Gates, on the other hand, argues that there was no need to obtain new process to freeze the statute of limitations because the January 4, 2008 process never was returned unserved. Gates contends that this lack of a return meant that the nine month period under Tenn. Code Ann. § 16-15-710 never was triggered. To decide this issue, we must construe the applicable statutes.

This Court discussed our primary goal in matters involving statutory construction in *State ex rel. Irwin v. Mabalot*, No. M2004-00614-COA-R3-CV, 2005 WL 3416293 (Tenn. Ct. App. Dec. 13, 2005), *no appl. perm. appeal filed*. We stated:

> The primary rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *LensCrafters, Inc. v. Sundquist*, 33 S.W.3d 772, 777 (Tenn. 2000). Courts must do so without unduly restricting or expanding a statute beyond its intended scope. *In re C.K.G., C.A.G., & C.L.C.*, 173 S.W.3d 714, 721-22 (Tenn. 2005). To determine legislative intent, one must look to the natural and ordinary meaning of the language used in the statute itself. We must examine any provision within the context of the entire statute and in light of its over-arching purpose and the goals it serves. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000); *Cohen v. Cohen*, 937 S.W.2d 823, 828 (Tenn. 1996); *T.R. Mills Contractors, Inc. v. WRH Enterprises*, LLC, 93 S.W.3d 861, 867 (Tenn. Ct. App. 2002). The statute should be read "without any forced or subtle construction which would extend or limit its meaning." *National Gas Distributors, Inc. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991). Statutes relating to the same subject matter or having a common purpose are to be construed together. *In re C.K.G., C.A.G., & C.L.G.*, 173 S.W.3d at 722.

> As our Supreme Court has said, "[w]e must seek a reasonable construction in light of the purposes, objectives, and spirit of the statute based on good sound reasoning." *Scott v. Ashland Healthcare Center, Inc.*, 49

S.W.3d 281, 286 (Tenn. 2001), citing *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995). Courts must look to a statute's language, subject matter, objective or purpose, and the wrong it seeks to remedy or prevent. *In re C.K.G., C.A.G., & C.L.G.*, 173 S.W.3d at 722. Courts are also instructed to "give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent." *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975); *In re Estate of Dobbins*, 987 S.W.2d 30, 34 (Tenn. Ct. App. 1998). Courts must presume that the General Assembly selected these words deliberately, *Tenn. Manufactured Housing Ass'n. v. Metropolitan Gov't.*, 798 S.W.2d 254, 257 (Tenn. App. 1990), and that the use of these words conveys some intent and carries meaning and purpose. *State v. Levandowski*, 955 S.W.2d 603, 606 (Tenn. 1997); *Tennessee Growers, Inc. v. King*, 682 S.W.2d 203, 205 (Tenn. 1984).

*Mabalot*, 2005 WL 3416293, at *6.

Tenn. Code Ann. § 16-15-710 provides that if a plaintiff wishes to rely on the original commencement in a general sessions court as a bar to the running of the statute of limitations, she must either obtain new process within nine months from return unserved of the previous process or recommence the action within one year from the return of the initial process not served. This case presents an unusual scenario. Under Gates' and the Circuit Court's interpretation, a plaintiff in a general sessions court who returns process unserved has nine months to obtain new process, but the statute of limitations never runs for a plaintiff who fails to return the process unserved.

As noted in *Mabalot* above, there are certain principles we are constrained to adhere to in statutory construction. We must give effect to the statutes we interpret based on the intent of the legislature which enacted them as best we can ascertain that intent. To meet this responsibility, we eschew meaningless or absurd interpretations of statutes. Here, the statutes at issue relate to the functioning of general sessions courts. They establish certain procedures and time limits. It is undisputed in this appeal that returning process unserved triggers the running of a nine month period in which a plaintiff may reissue process and rely on the original commencement as a bar to the running of the statute of limitations. It is unimaginable that the General Assembly intended that a plaintiff who never files a return unserved enjoys an indefinite and eternal freeze in the statute of limitations while a plaintiff who files a return unserved is limited to nine months.

We have written about the possible consequences of failing to adhere to Tenn. Code Ann. § 16-15-710:

-6-

A plaintiff who wishes to rely on the original commencement of an action to toll the running of the statute of limitations must either have process reissued within nine months after the previous process was returned unserved, which in this case would have been August 19, 2005, or must recommence the action within one year after the return of the initial process not served, which in this case would have been September 28, 2005. Plaintiff did not comply with either deadline. She insists, however, that taking a voluntary non-suit is somehow equivalent to recommencing the action, and that the savings statute should thereafter control.

The cases construing Tenn. Code Ann. § 16-15-710 are *Dieudonne v. Metropolitan Gov't of Nashville*, 2006 WL 842915 (Tenn. Ct. App. Mar. 30, 2006) and *Carlton v. Davis*, 2003 WL 1923825 (Tenn. Ct. App. Apr. 24, 2003), and neither deals with the precise factual situation herein. These cases are clear in their holdings, however, that a plaintiff who fails to comply with the requirements of Tenn. Code Ann. § 16-15-710 is subject to having his/her case dismissed pursuant to the statute of limitations bar.

\*\*\*

In this case, plaintiff failed to comply with Tenn. Code Ann. § 16-15-710 by either having process reissued within nine months or recommencing the action within one year, and since neither occurred, plaintiff could not rely on the original filing of the action to toll the statute of limitations. Thus, plaintiff's Circuit Court action cannot be deemed to have been "commenced within the time limited by a rule or statute of limitation", and the savings statute is inapplicable.

*Davis v. Mirts*, No. E2006-01722-COA-R3-CV, 2007 WL 1159418, at \*\*2-3 (Tenn. Ct. App. Apr. 19, 2007), *no appl. perm. appeal filed*.

We cannot accept the argument that our General Assembly intended to penalize a plaintiff who acts and reward a plaintiff who does nothing as concerns the return of unserved process. Rather, Tenn. Code Ann. § 16-15-710 must be read in connection with Tenn. Code Ann. § 16-15-902. Tenn. Code Ann. § 16-15-902 requires that process be served within 60 days of issuance. We hold that under these statutes, if an unserved process is not returned unserved within 60 days of issuance, a plaintiff in general sessions court who wishes to rely on the original commencement as a bar to the running of the statute of limitations has nine months from the end of the 60 days from the issuance of the prior process to obtain new process or the plaintiff must recommence the action within one year after 60 days from the

issuance of the initial process not served and not returned. A plaintiff who fails to return process unserved runs the risk that the statute of limitations will run out on her claim.

In the instant case, plaintiff Gates had nine months from 60 days after issuance of the January 4, 2008 process to obtain new process. Gates failed to do so. The judgment of the Circuit Court is reversed, and this cause is remanded for further proceedings consistent with this Opinion.

## **Conclusion**

The judgment of the Circuit Court is reversed. This cause is remanded for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, Eddie R. Gates.

_____
D. MICHAEL SWINEY, JUDGE